Commonwealth *v.* Cooney, Appellant.

Submitted January 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Carl Joseph Cooney,* appellant, in propria persona.

*Vram Nedurian, Jr.* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, July 2, 1970:

In November, 1968, appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq., alleging the existence of newly discovered evidence and constitutional infirmities at his 1967 trial for murder. Counsel was appointed for appellant and an eviden-

326

tiary hearing was held. The court below thereafter dismissed the petition and the instant appeal followed.

For reasons which do not appear of record, appellant has chosen to prosecute this appeal *pro se*. As we noted in *Commonwealth v. Walters*, 431 Pa. 74, 79, n.3, 244 A. 2d 757 (1968), appellant is entitled to the assistance of counsel on this appeal under Rule 1503 of the Rules of Criminal Procedure. See also *Commonwealth v. Taylor*, 433 Pa. 334, 336, 250 A. 2d 487 (1969). Counsel's appointment to assist a petitioner at a PCHA proceeding does not cease with an adverse determination by the hearing court; it continues in effect for any appeal therefrom.

It may be that appellant's decision to proceed *pro se* represents an intelligent and understanding waiver of his right to free appellate counsel.[1] From the present record, however, we are unable to find such a waiver. Under these circumstances, we shall remand to the court below so that it can determine (by hearing or otherwise) whether appellant has waived this right and, if not, so that it can appoint appellate counsel. *Commonwealth v. Tolbert*, 430 Pa. 167, 169-70, 242 A. 2d 265 (1968).

The case is remanded to the Court of Common Pleas of Delaware County for the appointment of appellate counsel and/or other action consistent with this opinion.

Mr. Chief Justice BELL dissents.

---

[1] Counsel may have determined that he could find no valid basis upon which to appeal. In that case, however, he should file a petition for leave to withdraw which would meet the criteria set forth in *Commonwealth v. Baker*, 429 Pa. 209, 239 A. 2d 201 (1968).