413 A.2d 386

COMMONWEALTH of Pennsylvania

v.

Lawrence McCLINTON, Appellant.

Supreme Court of Pennsylvania.

Submitted March 3, 1980.

Decided April 28, 1980.

Norman A. Levine, Public Defender, New Castle, for appellant.

Donald E. Williams, Dist. Atty., New Castle, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal is from an order of the Court of Common Pleas, Lawrence County, denying a petition for post-conviction relief filed by appellant, Lawrence McClinton.

Appellant was convicted by a jury of murder of the second degree and aggravated assault. Post-verdict motions were denied and appellant was sentenced to ten to twenty years imprisonment. A direct appeal was taken to this court and we affirmed by a *per curiam* order. *Commonwealth v. McClinton*, 471 Pa. 118, 369 A.2d 1223 (1977).

On September 28, 1978, appellant filed a *pro se* petition under the Post Conviction Hearing Act.[1] Appellant also requested that counsel be appointed to assist him, but counsel had not been appointed when the Court of Common Pleas denied appellant's petition without a hearing. After said denial, the Court of Common Pleas appointed the Lawrence County Public Defender to represent appellant on this appeal, which is now before us.

We do not reach the merits of appellant's arguments instantly. In *Commonwealth v. Fiero*, 462 Pa. 409, 412–13, 341 A.2d 448, 449–50 (1975), we stated:

"Moreover, in this jurisdiction a first post-conviction hearing petition should not be dismissed where the petitioner is indigent and has requested counsel, without affording him representation in that proceeding, *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967); *Commonwealth v. Richardson*, 426 Pa. 419, 233 A.2d 183 (1967); *Commonwealth v. Hoffman*, 426 Pa. 226, 232 A.2d 623 (1967); Pa.R.Crim.P. 1504, 19 P.S.Appendix. These

1. Act of January 25, 1966, P.L. 1580, § 1, 19 P.S. § 1180–1 (Supp. 1979–80).

considerations were explored in *Commonwealth v. Mitchell*, supra, where we stated:

> " 'We pause to note that the mandatory appointment requirement is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.4, at 66 (1967) [approved draft 1968]: "It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed pro se. . . . Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff." '
> (Citations omitted). Id. at 148."

As appellant alleged he was indigent and requested the appointment of counsel, the P.C.H.A. court erred in dismissing this (appellant's first) petition without a hearing without first appointing counsel to assist appellant in the proceedings.[2] *Commonwealth v. Scott*, 469 Pa. 381, 366 A.2d 225 (1976).

Order of the Court of Common Pleas of Lawrence County is vacated and the matter is remanded to that court with instructions to appoint counsel to represent appellant in the filing of an amended post-conviction petition and any further proceedings therein.

**2.** Our Rules of Criminal Procedure relating to Post Conviction proceedings state:

> "Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon." Pa.R.Crim.P. 1504.