457 A.2d 571

**COMMONWEALTH of Pennsylvania**

**v.**

**John WALKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 18, 1983.

Filed March 11, 1983.

214

Neil E. Jokelson, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

PER CURIAM:

We have before us a request by court-appointed counsel, Neil E. Jokelson, Esq., to withdraw from the above-captioned case on the ground that the appeal which has been perfected is wholly frivolous. Along with his Petition to Withdraw, Attorney Jokelson has filed an *"Anders* [1]-

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1976).

*McClendon*[2] brief" in which he lists the issues which might be raised on appeal, and discusses how his review of the record has led him to the conclusion that this appeal is wholly frivolous. A copy of counsel's petition and counsel's brief were served on the appellant, John Walker, along with a letter from Attorney Jokelson advising appellant of his right to proceed *pro se* in order to raise any issues which he might deem worthy of consideration. Appellant has subsequently filed a *pro se* brief in support of the merits of his appeal with this Court.

Under *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), there are three requirements which must be satisfied before counsel's request to withdraw may be considered. Those three requirements are: 1) counsel must notify the appellant of his request to withdraw, 2) counsel must furnish the appellant with a copy of the brief prepared by counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1976), and 3) counsel must advise appellant of his right to retain new counsel or raise any points he may deem worthy of consideration in a *pro se* brief. *Commonwealth v. McClendon*, *supra* 495 Pa. at 471, 434 A.2d 1187. In this case appellate counsel has neglected to inform the appellant of his right to retain new counsel. Consequently, not all of the requirements of *McClendon*, *supra*, have been satisfied.

For this reason the petition of Neil E. Jokelson, Esq., to withdraw as counsel in the above-captioned appeal is denied without prejudice. Counsel is directed *either* a) to file an advocate's brief, or b) to supply this Court with evidence that he has notified the appellant, John Walker, of his right to retain new counsel in accordance with *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Argument in the above-captioned appeal is continued generally. The Prothonotary of the Superior Court is directed to re-list the case for argument at such time as an advocate's brief is filed by Attorney Jokelson or new counsel is appointed for appellant.

2.  *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

Jurisdiction of this Court is retained. Jurisdiction of this panel is relinquished.