515 A.2d 18

**COMMONWEALTH of Pennsylvania**

v.

**Calvin MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1986.

Filed Sept. 16, 1986.

526

Pamela P. Cohen, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before OLSZEWSKI, HOFFMAN and ROBERTS, JJ.

HOFFMAN, Judge:

■ This is an appeal from the lower court's order denying appellant's petition for relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. §§ 9541–9551.* Appellant contends that (1) his former counsel were ineffective for failing to raise the following issues: (a) the prosecutor made improper remarks during his closing argument, (b) the trial court failed to recite the entire voluntary manslaughter statute in its instructions to the jury, and (c) the trial court erred in admitting a witness's testimony that she was threatened by appellant's friends, and (2) counsel who represented appellant in his appeal from his first PCHA petition was ineffective because he was an assistant district attorney at the time the petition was considered in the trial court. We disagree and, accordingly, affirm.

* Appellant's counsel states in her brief that, "[a]fter a complete and careful review of the record and the pertinent law, counsel is unable to develop facts or arguments which would support Petitioner's request for relief under the Post Conviction Hearing Act. Counsel respectfully requests permission to withdraw from further representation." Brief for Appellant at 5.

Counsel never filed a petition to withdraw with this Court. Thus, we will address the issues appellant has raised without ruling on counsel's request to withdraw. We note that counsel has purported to withdraw pursuant to the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). In following those requirements, it is improper for counsel to argue against his or her client: flagging the issues would have been sufficient. *See Commonwealth v. Thomas*, 354 Pa.Superior Ct. 87, 90–93, 511 A.2d 200, 201–02 (1986). We also note that the Commonwealth improperly relied on appellant's brief and the lower court opinion as its sole support for arguing that this appeal is meritless. "[T]he Commonwealth should respond to an *Anders* brief by arguing *why* the issues set forth therein are meritless." *Id.*, 354 Pa.Superior Ct. at 95, 511 A.2d at 204.

Appellant was found guilty of first degree murder in July, 1975 and was subsequently sentenced to a term of life imprisonment. On direct appeal our Supreme Court affirmed the judgment of sentence. *Commonwealth v. Martin,* 479 Pa. 63, 387 A.2d 835 (1978). Appellant then filed his first PCHA petition, which was denied by the trial court. This court affirmed, *Commonwealth v. Martin,* 323 Pa. Superior Ct. 619, 470 A.2d 1042 (1984) (per curiam), and our Supreme Court denied allocatur. On August 6, 1984, appellant filed the instant petition, which was denied on June 11, 1985, and this appeal followed.

■ Appellant first contends that the prosecutor made an improper remark during his closing argument, and that all of his former counsel were ineffective for failing to raise this issue. When confronted with a claim of ineffectiveness of counsel, a reviewing court must first determine whether the issue underlying the claim of ineffectiveness is of arguable merit and, if so, whether the course chosen by counsel had a reasonable basis designed to serve the interests of his or her client. *Commonwealth v. Buehl,* 510 Pa. 363, 377–380, 508 A.2d 1167, 1174–75 (1986). Moreover, appellant must demonstrate that counsel's ineffectiveness worked to his or her prejudice. *Id.* (citing *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967)).

■ Appellant alleges that the following remark was prejudicial:

When I finish my argument I will have done my duty, but it's all for naught, all for zero, and all for nothing in this case, unless you do you duty and I ask you now as I promised you I would at the outset of this case to find this defendant, Calvin Martin, guilty of first degree murder.

N.T. July 7, 1975 at 383. Comments by a district attorney do not constitute reversible error unless "the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the

defendant so that they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. Beasley,* 504 Pa. 485, 492, 475 A.2d 730, 734 (1984). *See also Commonwealth v. Pursell,* 508 Pa. 212, 226, 495 A.2d 183, 190 (1985). In the instant case, the prosecutor's remark was entirely proper and we cannot discern any way in which this argument may have prejudiced the jury. Thus appellant's counsel was not ineffective for failing to raise this issue. *See Commonwealth v. Buehl, supra,* 510 Pa. at 379, 508 A.2d at 1175 (counsel will not be deemed ineffective for failing to raise meritless claim).

■ Appellant next contends that all of his former counsel were ineffective for failing to object to the trial court's jury charge on voluntary manslaughter. Appellant argues that the lower court erred by not including the entire voluntary manslaughter statute in its charge. Specifically, the court did not instruct the jury with respect to unreasonable belief killing. *See* N.T. July 7, 1975 at 404–05. The statute defining voluntary manslaughter provides:

(a) General rule.—A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

(1) the individual killed; or

(2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

(b) Unreasonable belief killing justifiable.—A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes that circumstances to be such that, if they existed, would justify the killing ... but his belief is unreasonable.

18 Pa.C.S.A. § 2503. Our Supreme Court has held that the "unreasonable belief" manslaughter charge need be given to the jury only when requested, when the offense is an issue in the case, and when there is trial evidence to support

such a verdict. *Commonwealth v. Carter,* 502 Pa. 433, 443, 466 A.2d 1328, 1332–33 (1983). Here, there was no evidence at trial to support a charge based on unreasonable belief killing. Thus, counsel was not ineffective for failing to raise this claim. *See Commonwealth v. Buehl, supra.*

Appellant next contends that all of his former counsel was ineffective for failing to object to certain testimony that was admitted at trial. Commonwealth witness Maryanne O'Bryant testified at trial that she had overheard certain incriminating information. At the preliminary hearing, however, she had testified that she had not overheard anything. On cross-examination at trial, when asked why she changed her testimony, the witness explained that she had given her first answer because she had been threatened by appellant's friends. N.T. June 30, 1975 at 148. Appellant argues that the court erred in admitting this testimony.

■ It is true that " '[t]hreats by third persons against ... witnesses are not relevant unless it is shown that the defendant is linked in some way to the making of the threats.' " *Commonwealth v. Carr,* 436 Pa. 124, 127, 259 A.2d 165, 167 (1969) (quoting *Commonwealth v. Banker,* 211 Pa. Superior Ct. 430, 432, 236 A.2d 530, 531 (1967) (HOFFMAN, J., dissenting) (citations omitted), *allocatur denied*). When the evidence in question is not offered to prove the defendant's guilt, but to explain a witness's prior inconsistent statement, however, it is admissible. *Commonwealth v. Carr, supra; Commonwealth v. Bryant,* 316 Pa. Superior Ct. 46, 51, 462 A.2d 785, 788 (1983).

■ Here, we note first that the witness explicitly stated that the threats came from appellant's friends and in no way attributed them to appellant. *See* N.T. June 30, 1975 at 148–49. Even assuming that the statements could be linked to appellant, the witness so testified in order to explain her prior inconsistent statement; the testimony was not offered to prove appellant's guilt. Accordingly, appellant's former counsel were not ineffective for failing to raise this issue. *See Commonwealth v. Buehl, supra.*

■ Appellant last contends that his counsel for his appeal from his first PCHA petition was ineffective because he was a member of the Philadelphia District Attorney's office at the time appellant's PCHA petition was heard before the lower court. We cannot conclude that counsel was ineffective on this ground. Appellant has not shown any manner in which he was prejudiced by his counsel's former employment.

For the foregoing reasons, we affirm the order of the trial court.

Affirmed.