532 A.2d 1191

**COMMONWEALTH of Pennsylvania**

v.

**Henry Christain RAUSER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 18, 1987.

Filed Oct. 20, 1987.

Paul W. Kilgore, Lebanon, for appellant.

Thomas S. Long, District Attorney, Lebanon, for Com., appellee.

Before CIRILLO, President Judge, and ROWLEY and McEWEN, JJ.

CIRILLO, President Judge:

This is an appeal from the denial of a petition for relief pursuant to the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. §§ 9541–9551 (1982). Also before us is a petition by appellant's counsel for leave to withdraw. We affirm the denial of relief and grant counsel's petition for leave to withdraw.

Appellant has previously filed more than ten PCHA petitions. Appellant's counsel has now raised several issues which he states "could arguably support the appeal." All of these issues are prefaced with the question of whether appellant is entitled to an additional PCHA hearing and/or withdrawal of his guilty plea.

Appellant's counsel, in his brief to this court, presents little more than a recitation of the facts, a procedural history, and a list of issues. He presents no legal authority in the portion of his brief entitled "Argument." This is commonly referred to as an *Anders* brief, based on the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In addition to his petition for leave to withdraw, appellant's counsel has also sent to his client a notice of right to counsel and/or right to raise additional matters in support of his appeal. Appellant has not raised such additional

matters. The Commonwealth has not filed a brief in this appeal.

### A.

In the case now before us we examine whether there is a sound legal foundation for the apparent assumption in some Pennsylvania cases that *Anders* applies to collateral post-conviction proceedings, *based on Pennsylvania law.* We must undertake this important analysis in light of a recent decision by the United States Supreme Court which ruled that the requirements of *Anders* do not apply to PCHA proceedings, *as a matter of federal law.*

### I

The United States Supreme Court in *Pennsylvania v. Finley,* — U.S. —, 107 S.Ct. 1990, 95 L.E.2d 539 (1987), reviewed a decision by the Superior Court of Pennsylvania [1] which dealt with the applicability of the principles enunciated in *Anders* to collateral postconviction proceedings [2].

The *Finley* case involved a conviction of second-degree murder in the Court of Common Pleas of Philadelphia County. Finley was sentenced to life imprisonment. The Pennsylvania Supreme Court unanimously affirmed the conviction. *Commonwealth v. Finley,* 477 Pa. 211, 383 A.2d 898 (1978).

Finley then sought relief from the trial court, pursuant to the Pennsylvania Post Conviction Hearing Act (PCHA). 42 Pa.C.S. §§ 9541–9551 (1982). Proceeding *pro se,* she raised the same issues that the Pennsylvania Supreme Court had rejected on the merits. On her appeal from the PCHA

---

**1.** *Commonwealth v. Finley,* 330 Pa.Super. 313, 479 A.2d 568 (1984), *appeal dismissed,* 510 Pa. 304, 507 A.2d 822 (1986), *rev'd sub nom., Pennsylvania v. Finley,* — U.S. —, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (Rehnquist, C.J.).

**2.** For general background commentary and analysis on the *Anders* decision, see Berger, *The Supreme Court and Defense Counsel: Old Roads, New Paths—A Dead End?,* 86 Colum.L.Rev. 9, 16–17 (1986); Hermann, *Frivolous Criminal Appeals,* 47 N.Y.U.L.Rev. 701, 704–08 (1972); *Nickols v. Gagnon,* 454 F.2d 467 (7th Cir.1971).

proceedings, however, the Pennsylvania Supreme Court reversed the denial of relief by the trial court based on the state law entitlement to counsel in postconviction proceedings. *Commonwealth v. Finley*, 497 Pa. 332, 440 A.2d 1183 (1981).

On remand, the counsel appointed by the trial court reviewed the trial record and consulted with Finley. He concluded that there were no arguable bases for collateral relief. He advised the trial court of his conclusion and requested permission to withdraw. After an independent review of the record, the trial court agreed with appointed counsel and, thus, dismissed the petition for postconviction relief.

An appeal to this court was pursued by Finley's newly appointed appellate counsel. Over Judge Rowley's dissent, a panel of this court ruled that "Pennsylvania law concerning procedures to be followed when a court-appointed attorney sees no basis for an appeal is derived from the seminal case of *Anders v. California*, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1967)." *Finley*, 330 Pa.Super. 313, 318, 479 A.2d 568, 570 (1984). We concluded that based on *Anders*, the conduct of trial counsel in the postconviction proceedings violated Finley's constitutional rights. The United States Supreme Court disagreed.

In its review of our decision, the United States Supreme Court repeated the requirements that it established in *Anders*. It held, however, that the following requirements apply only when an attorney appointed to represent an indigent on direct appeal finds a case wholly frivolous:

[H]e should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*Pennsylvania v. Finley,* —— U.S. ——, ——, 107 S.Ct. 1990, 1991, 95 L.Ed.2d 539 (1987) (quoting *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400.)

Writing for the majority, Chief Justice Rehnquist ruled that the Pennsylvania Superior Court "improperly relied on the United States Constitution to extend the *Anders* procedures to postconviction proceedings." —— U.S. at ——, 107 S.Ct. at 1993. The *Anders* holding was based on the principle that the "denial of counsel to indigents on first appeal as of right amounted to unconstitutional discrimination against the poor." *Id.* (citing *Douglas v. California,* 372 U.S. 353, 358, 83 S.Ct. 814, 817, 9 L.Ed.2d 811 (1963)). The Supreme Court added, however, that "*Anders* did not set down an independent constitutional command that all lawyers, in all proceedings, must follow these particular procedures." *Id.*

Chief Justice Rehnquist reasoned that "since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori,* he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process." *Id.* (citing *Boyd v. Dutton,* 405 U.S. 1, 7 n. 2, 92 S.Ct. 759, 762 n. 2, 30 L.Ed.2d 755 (1972) (Powell, J., dissenting)).

The *Finley* Court ruled that the due process clause did not require the appointment of counsel in postconviction proceedings, because the " 'fact that an appeal has been provided does not automatically mean that a state then acts unfairly by refusing to provide counsel to indigent defendants at every stage of the way.' " *Id.* (quoting *Ross v. Moffitt,* 417 U.S. 600, 610–11, 94 S.Ct. 2437, 2443–44, 41 L.Ed.2d 341 (1974)). The Court also rejected the argument that the equal protection guarantee of the fourteenth amendment required a different result. Rather, the Supreme Court reasoned that the " 'duty of the State under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the

indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process.'" *Id.* (quoting *Ross v. Moffitt,* 417 U.S. at 616, 94 S.Ct. at 2447).

The Court regarded these considerations as applicable with even greater force to postconviction review. The *Finley* Court dismissed the view that the *Anders* procedures should be applied to a state-created right to counsel in post-conviction proceedings. *Id.* In *Ross,* the United States Supreme Court concluded that the "defendant's access to the trial record and the appellate briefs and opinions provided sufficient tools for the *pro se* litigant to gain meaningful access to courts that possess a discretionary power of review." *Finley,* — U.S. at —, 107 S.Ct. at 1994 (citing *Ross,* 417 U.S. at 614–15, 94 S.Ct. at 2445–46). The *Finley* Court ruled that the same conclusion necessarily obtains with respect to postconviction review. The *Finley* Court reasoned that "[s]ince respondent [Finley] has no underlying constitutional right to appointed counsel in state post-conviction proceedings, she has no constitutional right to insist on the *Anders* procedures which were designed solely to protect that underlying constitutional right." — U.S. at —, 107 S.Ct. at 1994.

The Court of Common Pleas of Philadelphia County found that Finley's right to counsel *under Pennsylvania law* was satisfied by the conduct of her appointed counsel, combined with the trial court's independent review of the record. The United States Supreme Court rejected the conclusion of a panel of our Court that *Anders* required even more assistance, as a matter of federal law. *Id.*

Chief Justice Rehnquist concluded that, therefore,

the *State's obligations, as a matter of* both federal and state law, have been fulfilled. Since respondent has received exactly that which she is entitled to receive under state law—an independent review of the record by competent counsel—she cannot claim any deprivation without due process.

At bottom, the decision below rests on a premise that we are unwilling to accept—that when a State chooses to offer help to those seeking relief from convictions, the Federal Constitution dictates the exact form such assistance must assume. On the contrary, in this area States have substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review. *In Pennsylvania, the State has made a valid choice to give prisoners the assistance of counsel without requiring the full panoply of procedural protections that the Constitution requires be given to defendants who are in a fundamentally different position—at trial and on first appeal as of right.* In this context, the Constitution does not put the State to the difficult choice between affording no counsel whatsoever or following the strict procedural guidelines annunciated in *Anders.*

*Id.* (emphasis added).[3]

In order to clarify Pennsylvania law on this issue, we will provide a discussion of Pennsylvania cases in three categories: those that apply the *Anders* procedures to direct appeals; those that recognize the right to counsel in PCHA proceedings; and those that appear to assume without always deciding that the *Anders* procedures apply to PCHA appeals. In Part V we will announce the proper procedure to be followed in PCHA appeals that are perceived by counsel to be frivolous.

**3.** Justice Brennan, in a dissenting opinion joined by Justice Marshall, observed that

After the present case was decided, the Superior Court held that the *McClendon* [*Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981) ] procedures—*not* the *Anders* requirements—are required on collateral review. *Commonwealth v. McGeth,* 347 Pa.Super. 333, 344-345, 500 A.2d 860, 866 (1985). The Pennsylvania Supreme Court has never held that *Anders* procedures are required on collateral review. In *Commonwealth v. Lowenberg,* 493 Pa. 232, 235, 425 A.2d 1100-1101, 1102 (1981), the State Supreme Court was equally divided on this issue and therefore affirmed the lower court ruling that the *Anders* procedures are required *only* on direct appeal from a criminal conviction, and *not* on collateral review.

— U.S. at —, 107 S.Ct. at 1998 (Brennan, J., dissenting) (emphasis in original).

## II

We now discuss those Pennsylvania cases that have applied *Anders* on direct appeal.

In *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), the Pennsylvania Supreme Court reviewed the *Anders* case in connection with the direct appeal of a manslaughter sentence. Appointed counsel had filed an appellate brief along with a petition for leave to withdraw. Appellant was served with a copy of the brief and a notice of his right to either retain new counsel and/or file a supplemental brief. *Id.*, 495 Pa. at 469, 434 A.2d at 1186.

Although the Pennsylvania Supreme Court recognized that counsel is not required to compromise principle or to act contrary to his own conscience, the court disapproved of counsel's demonstration in his appellate brief as to why the appeal was meritless. 495 Pa. at 472, 434 A.2d at 1187. The *McClendon* Court stated that when seeking to withdraw, "counsel's role is not that of *amicus curiae.*" *Id.* The court recognized, however, that "*Anders* does not require that counsel be forced to pursue a wholly frivolous appeal just because his client is indigent." 495 Pa. at 473, 434 A.2d at 1188 (citing *Commonwealth v. Perry*, 464 Pa. 272, 346 A.2d 554 (1975)).

We are aided in our construction of *McClendon* by an analysis of an opinion written by the same author in the same year. Several months before expressing the view of the Pennsylvania Supreme Court in *McClendon*, Justice (now Chief Justice) Nix in his discussion of *Anders*, recognized that "we are bound under the Supremacy Clause to follow that holding." *Commonwealth v. Lowenberg*, 493 Pa. 232, 235, 425 A.2d 1100, 1101 (1981) (plurality opinion) (citing U.S. Const., Art. VI, cl. 2) Importantly, the current Chief Justice went on to write for a plurality of the court that *Anders* was limited to the first direct appeal from a criminal conviction. Therefore, he concluded that *Anders* did not apply to collateral proceedings pursuant to a state statutory provision such as the PCHA. 493 Pa. at 235, 425 A.2d at 1101–02. It follows logically that because *Anders*

is limited to first direct appeals, we are not bound to its procedure in collateral proceedings. Thus, *McClendon* should be interpreted consistently with *Lowenberg*, written by the same author in the same year. In fact, we have so interpreted *McClendon*.

In *Commonwealth v. Walker*, 311 Pa.Super. 213, 215, 457 A.2d 571, 572 (1983), we cited *McClendon* as incorporating the *Anders* requirements which must be satisfied before counsel's request to withdraw may be considered. We stated those requirements as follows: "(1) counsel must notify the appellant of his request to withdraw; (2) counsel must furnish the appellant with a copy of the brief prepared by counsel pursuant to *Anders;* and (3) counsel must advise appellant of his right to retain new counsel or raise any points he may deem worthy of consideration in a *pro se* brief." 311 Pa.Super. at 215, 457 A.2d at 571–72 (citing *McClendon* and *Anders* ).

In *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), the Pennsylvania Supreme Court first held that *Anders* must be followed on direct appeals. The appellant in *Baker* was sentenced to three to six years in prison following his conviction of armed robbery and a related offense. An appeal was taken to the Superior Court and relief was denied. *Commonwealth v. Baker*, 211 Pa.Super. 736, 235 A.2d 821 (1967) *rev'd*, 429 Pa. 209, 239 A.2d 201 (1968).

The Pennsylvania Supreme Court held that the assistance given to *Baker* in his initial appeal was defective under the rule set out in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The court stated that *Anders* gives counsel two choices when representing an indigent client on direct appeal: 1) he may file briefs and argue the case, or 2) the attorney may choose to withdraw from the case if he finds the client's case be frivolous. Before withdrawal is permitted, however, he must advise the court and request permission to withdraw, at the same time giving the court a brief referring to anything in the record that might arguably support the appeal. A copy of the

brief should be given to the client and he should be given sufficient time to raise any points that he chooses. 429 Pa. at 211–12, 239 A.2d at 202.

In *Commonwealth v. Thomas*, 354 Pa.Super. 87, 511 A.2d 200 (1986), the Pennsylvania Superior Court held that an appellant's counsel must comply with all *Anders* requirements if he seeks to withdraw from a direct appeal. 354 Pa.Super. at 89, 511 A.2d at 200. In this case, the appellant's counsel contended that there were no meritorious issues on appeal and therefore the appeal should have been dismissed pursuant to *Anders*. Appellant's counsel, however, failed to comply with the *Anders* requirements. First, although counsel contended that he had found no meritorious issues to raise on appeal, there was no indication that counsel had ever consulted Thomas in reviewing the case. Counsel had not filed a petition for leave to withdraw. He only asked that appellant's appeal be dismissed. Second, counsel did not file a brief referring to anything in the record that could support the appeal. 354 Pa.Super. at 90, 511 A.2d at 201. Consequently, the Court found a violation of the *Anders* requirements. We wrote that

> There are two purposes to be served by counsel's filing a brief that refers to anything in the record that might arguably support the appeal: (1) it gives the reviewing court a basis upon which to decide if the appeal is, in fact, frivolous, and (2) it gives indigent defendants "as nearly as is practicable" that which is guaranteed them under the sixth and fourteenth amendments, the right to counsel and, in the process, protects counsel from ineffectiveness allegations.

354 Pa.Super. at 93, 511 A.2d at 202–03.

In *Commonwealth v. Martinez*, 319 Pa.Super. 346, 466 A.2d 192 (1983) (Cirillo, J., now P.J.), we considered a defense counsel's petition to withdraw from further representation in the direct appeal of a criminal sentence. We granted the petition after finding that counsel had followed all the necessary *Anders* procedures applicable to direct appeals. In addition, we found that after an exhaustive

review of the record, we agreed with counsel's conclusions that the appeal was wholly frivolous. *Id.*, 319 Pa.Superior Ct. at 350, 466 A.2d at 194 (citing *Commonwealth v. McClendon*, 495 Pa. 467, 471, 434 A.2d 1185, 1187 (1981)). *See also Commonwealth v. Bradley*, 320 Pa.Super. 504, 467 A.2d 826 (1983) (granting petition to withdraw from direct appeal after finding that requirements of *Anders* and *McClendon* were met).

Thus, we see that our appellate courts have routinely recognized the mandate of the United States Supreme Court that *Anders* must be applied to first direct appeals.

## III

Lengthy analysis is unnecessary to demonstrate that the right to counsel in collateral proceedings is well established in Pennsylvania. For example, Pennsylvania Rule of Criminal Procedure 1503(b) provides that "[w]here counsel has been appointed, such appointment shall be effective until final judgment, including any proceedings upon appeal from a denial of collateral relief."

In *Commonwealth v. Sangricco*, 490 Pa. 126, 415 A.2d 65 (1980), the highest court of this Commonwealth recognized that "Nothing in PCHA practice is more settled than the rule that a person seeking post-conviction relief is entitled to the assistance of counsel." *Id.*, 490 Pa. at 132, 415 A.2d at 68 (citing Pa.R.Crim.P. 1503; *Commonwealth v. McClinton*, 488 Pa. 598, 413 A.2d 386 (1980) (other citations omitted)). The Pennsylvania Supreme Court added that "The right to counsel extends not only to proceedings before a PCHA court but also on appeal from those proceedings." *Id.* 490 Pa. at 132 n. 2, 415 A.2d at 68 n. 2 (citing *Commonwealth v. Cooney*, 439 Pa. 324, 266 A.2d 650 (1970); *Commonwealth v. Walters*, 431 Pa. 74, 244 A.2d 757 (1968)).

In the remainder of this opinion, we refine the right to PCHA counsel. Namely, we emphasize the subtle but significant distinction between the right to counsel in meri-

torious PCHA appeals, as seen in contradistinction to frivolous PCHA appeals.[4]

## IV

We now consider cases that have discussed *Anders* in connection with PCHA appeals.

A plurality of the Pennsylvania Supreme Court in *Commonwealth v. Lowenberg,* 493 Pa. 232, 425 A.2d 1100 (1981) (Nix, J., now C.J.), held that *Anders* was limited in its applicability to first direct appeals from criminal convictions. Writing for a plurality, Justice (now Chief Justice) Nix concluded that, therefore, *Anders* did not apply to collateral proceedings. 493 Pa. at 235, 425 A.2d at 1101–02. The *Lowenberg* case involved a PCHA appeal in connection with a claim of ineffective assistance of counsel. Appointed counsel had concluded that in his considered judgment the record provided no basis for reversible error. *Id.,* 493 Pa. at 234, 425 A.2d at 1101.

The case of *Commonwealth v. Lohr,* 503 Pa. 130, 468 A.2d 1375 (1983), also involved a PCHA appeal. The appellant claimed that his appointed counsel did not adequately pursue his appeal. Without analysis and without providing legal justification, the Court in *Lohr* applied *McClendon,* which incorporated *Anders,* as the required procedure when "counsel believes that an appeal would be wholly frivolous." *Id.* No distinction was made between first direct appeals and collateral appeals. This seems to have been due to a misinterpretation of the federal law announced in *Anders.* Based on the decision by the United States Supreme Court in *Finley,* as well as our prior discussion of *McClendon,* we are confident in concluding that this casual application of

4. In this regard, we also distinguish, in much the same way as the United States Supreme Court in *Finley, supra,* the more general right to counsel on direct appeals under Pennsylvania law. *See* Pa. Const. art. 1, § 9 ("In all criminal prosecutions the accused hath a right to be heard by himself and his counsel. . . ."). *See also* 42 Pa.C.S. § 9551(b) ("appointment of counsel shall not be required if the PCHA petitioner's claim is patently frivolous. . . .")

the *Anders* requirements to collateral proceedings need no longer be followed.

The case of *Commonwealth v. Cooney*, 439 Pa. 324, 326 n. 1, 266 A.2d 650, 651 n. 1 (1970), is representative of many Pennsylvania decisions which seem to assume in passing, without analysis and without providing a sound legal foundation, that *Anders* applies to PCHA appeals which may be frivolous. *See, e.g. Commonwealth v. Martin*, 356 Pa.Super. 525, 528, 515 A.2d 18, 19 (1986) (same). For example, in *Cooney* the court noted that if counsel determined that he could find no valid basis for appeal of a PCHA petition, he should seek to withdraw in compliance with *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968). *Baker* had adopted *Anders* as Pennsylvania law for direct appeals. After the decision of the United States Supreme Court in *Finley*, however, it is now clear that *Anders* does not apply to PCHA proceedings. *See also Commonwealth v. Wilkerson*, 490 Pa. 296, 303, 416 A.2d 477, 481 (1980) (Larsen, J., dissenting) (finding *Anders* inapplicable to PCHA appeal). *See generally Congo v. Commonwealth, Pennsylvania Board of Probation and Parole*, 104 Pa.Commw. 511, 513–514, 522 A.2d 676, 678 (1987) (discussion of *Anders* in connection with appeal from Board of Probation and Parole to the Pennsylvania Commonwealth Court. This aspect of *Anders* is outside the scope of our opinion.).

In *Commonwealth v. Green*, 355 Pa.Super. 451, 513 A.2d 1008 (1986), a panel of this court cited our decision in *Finley* to support the proposition that the *Anders* procedures apply to postconviction proceedings "as well as appeals therefrom." *Id.*, 355 Pa.Superior Ct. at 457, 513 A.2d at 1011. As we now know, the United States Supreme Court recently reversed our decision in *Finley* for erroneously extending *Anders* to postconviction proceedings. Therefore, it follows that *Green* is no longer good law insofar as it relied on an interpretation and application of *Anders* which was overruled by the United States Supreme Court. *Pennsylvania v. Finley*, —— U.S. ——, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

In *Commonwealth v. McGeth*, 347 Pa.Super. 333, 500 A.2d 860 (1985), appellant filed a *pro se* petition for relief under the Post Conviction Hearing Act citing a variety of reasons why his prior conviction should have been overturned. Counsel was then appointed. After a review of the record, trial counsel submitted a letter to the trial court indicating that no meritorious issues could be found. The trial court then dismissed appellant's PCHA petition and allowed counsel to withdraw. 347 Pa.Super. at 336, 500 A.2d at 861.

We were asked in *McGeth* to decide whether PCHA counsel was ineffective for filing a purported *Anders* brief which did not refer to anything in the record which could arguably support an appeal. The *McGeth* court discussed *Anders* at length, including many of its Pennsylvania progeny. Among other aspects of *Anders*, a panel of this court noted the distinction between frivolity and absence of merit. 347 Pa.Super. at 338, 500 A.2d at 862–63 (citing *Commonwealth v. Greer*, 455 Pa. 106, 108–109, 314 A.2d 513, 514 (1974); ABA project for Standards on Criminal Justice, Standards Relating to the Defense Function § 8.3, commentary at 297 (approved draft 1971)).

As we have done earlier in this opinion, the panel in *McGeth* recognized that Justice (now Chief Justice) Nix had stated in *Lowenberg, supra,* that *Anders* applied only to first direct appeals from criminal convictions. 347 Pa.Super. at 339, 500 A.2d at 863. Without taking an affirmative stand on this point, we chose in *McGeth* to decide the case on general precepts relating to the law of ineffectiveness of counsel. We concluded that counsel was not ineffective for filing a purported *Anders* brief which did refer to an arguable basis for an appeal. Still, we did not squarely and *clearly* address the applicability of *Anders* to collateral proceedings, though we concluded that the "requirements of *Anders—McClendon* have been satisfied." 347 Pa.Super. at 344, 500 A.2d at 866. *See id.*, 347 Pa.Superior Ct. at 345 n. 8, 500 A.2d at 866 n. 8 (It is well-settled that " '[a]ppointed counsel is of course not required to accept a

client's view by asserting points his good conscience would reject even at the loss of a handsome fee.'" (quoting *Suggs v. United States*, 391 F.2d 971, 974 (D.C.Cir.1968)). *Cf. Pennsylvania v. Finley*, — U.S. at —, 107 S.Ct. at 1998 (Brennan, J., dissenting) (interpreting *McGeth* as *not* requiring application of *Anders* on collateral review).

In *Commonwealth v. Wallace*, 322 Pa.Super. 157, 469 A.2d 230 (1983), the Pennsylvania Superior Court granted an attorney's petition to withdraw from a case involving a PCHA appeal. In granting the attorney's petition to withdraw, the court was satisfied that all the requirements enumerated in *Anders* had been met. This is another case which assumed without deciding that *Anders* applied to collateral proceedings. It seems that this error was due to a misunderstanding of federal law as announced in *Anders*.

The preceding discussion should reveal that the law is neither clear nor well settled regarding this critical distinction between first direct appeals and collateral proceedings insofar as the applicability of *Anders* is concerned. The following section of this opinion will provide a long-awaited clarification of this area of the law.

## V

Today we announce a method for counsel to certify that in his or her professional opinion there are no valid grounds for a PCHA appeal, without the need to raise issues which he does not support, but which could arguably be raised on appeal. The following procedure will be pursued henceforth by appointed attorneys who are asked to file what they honestly believe to be a frivolous PCHA appeal. First, counsel must conduct a thorough and comprehensive review of the record and relevant legal authority. Second, if the attorney in good faith and in his honest professional opinion believes after such a review that an appeal would be frivolous, he shall so advise the trial court and petition the trial court for leave to withdraw. Third, concurrent with his petition to withdraw, counsel shall inform his client of his petition to withdraw and the reasons

therefor. Fourth, counsel shall advise his client of his right to another attorney and his right to raise issues on a *pro se* basis, as well as his right to an appeal. The next step is taken by the trial court. The trial court is to conduct a full examination of all the proceedings, and if it determines that the case is frivolous, should grant the petition to withdraw.[5]

This procedure, based on Pennsylvania law, is consistent with Chief Justice Rehnquist's closing lines in *Finley* that "the Constitution does not put the State to the difficult choice between affording no counsel whatsoever or following the strict procedural guidelines annunciated in *Anders*." —— U.S. at ——, 107 S.Ct. at 1995. On this particular point, Pennsylvania law requires no more than does the United States Constitution.

The decision of the United States Supreme Court in *Pennsylvania v. Finley* provides the most cogent and eloquent support for the conclusion that we reach today. There is no better legal authority upon which we could rely for the position that *Anders* was not meant to apply to collateral postconviction proceedings. Chief Justice Nix recognized this in *Lowenberg*, while also recognizing that we are bound by the supremacy clause to follow *Anders* on the first direct appeal of a criminal conviction.

Basic principles of American jurisprudence dictate that cases in conflict with the holding of the United States Supreme Court in *Finley,* many of which we have discussed, need no longer be followed. In short, a so-called *Anders* brief need no longer be filed in a PCHA appeal when effective counsel has determined that an appeal would be wholly frivolous. This rule is a proper balance between the duty to protect the rights of the individual and the avoidance of forcing attorneys into an ethical dilemma by requiring them to pursue a frivolous appeal.

My view was expressed in the form of a concurrence when I wrote that

---

5. Thus, the appellate system is not involved in the initial finding of frivolity or the petition to withdraw.

If a skilled trial lawyer, in his considered judgment, holds the good faith conviction that an appeal is frivolous or that the filing of an appeal would offend his conscience, he can do no more. The courts should not then force him to do that which privately-hired defense counsel would not be required to do, simply because the lawyer has been appointed by the court. It should not be the policy of the judicial system to encourage groundless appeals which merely waste the courts' time.

The basis for caution in permitting court-appointed counsel to withdraw from a case is the need to assure that the appellate rights of a defendant are not waived without his knowledge. As long as withdrawing counsel informs the defendant of his appellate rights, including the right to request new court-appointed counsel, the actual filing and briefing of an appeal is unnecessary to preserve the defendant's rights.

*Commonwealth v. Worthy*, 301 Pa.Super. 46, 49, 446 A.2d 1327, 1330 (1982) (Cirillo, J., now P.J., concurring).

We find support for our decision in the Code of Professional Responsibility. The Disciplinary Rules, which prescribe the minimum level of conduct below which no lawyer may fall without being subject to disciplinary action, provide as follows: "In his representation of a client, a lawyer should not ... knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law." Pa.Code of Professional Responsibility DR 7–102(A)(2) (1984). It is also provided in DR 2–110(C)(1)(a) that an attorney may withdraw if his client "insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law."

In addition, the Ethical Considerations, which represent the objectives toward which every member of the profession should strive, provide as follows:

The advocate may urge any permissible construction of the law favorable to his client, without regard to his professional opinion as to the likelihood that the construction will ultimately prevail. His conduct is within the bounds of the law, and therefore permissible, if the position taken is supported by the law or is supportable by a good faith argument for an extension, modification, or reversal of the law. *However, a lawyer is not justified in asserting a position in litigation that is frivolous.*

Pa.Code of Professional Responsibility EC 7–4 (emphasis added). *See also id.* EC 7–5 (an attorney may not assist the client in taking a frivolous legal position.)

Our decision today upholds the professional independence and promotes the integrity of the legal profession. It avoids the unacceptable scenario of forcing an attorney to be a conduit for the improper intentions of a client. We are loathe to place attorneys between Scylla and Charybdis, between the equally offensive alternatives of pursuing a frivolous appeal or filing a brief with issues that the attorney cannot honestly raise. Our result also strikes an even balance between the duty to represent a client zealously and the duty of candor to the court.

### B

Based on our reasoning and conclusion in section A of this opinion, we need not address whether appellant's counsel has filed a proper *Anders* brief. He has satisfied the applicable requirements that we announce today.

In October 1978, appellant was charged with offenses under the Controlled Substance Device and Cosmetic Act. Appellant entered a plea of guilty and was sentenced to serve concurrent terms of from two to five years on each of the six counts charged. Appellant was represented by counsel at each stage of the proceeding. No appeal was taken.

On December 1, 1980, appellant filed his first PCHA petition. A hearing date was set for July 23, 1981 and

appellant failed to attend. The hearing court found that appellant had been given proper notice. It denied a motion to continue and dismissed the petition. No appeal was filed. This court found in a previous appeal by appellant that he admitted that he was on parole at the time of the hearing and was attempting to evade arrest under a warrant issued against him on other charges.

All subsequent PCHA petitions were dismissed without a hearing, until appellant's petition of June 19, 1984. A counseled hearing was held on October 22, 1984. The Honorable G. Thomas Gates determined that all issues raised by appellant had been waived due to his failure to appear at the initial PCHA hearing of July 23, 1981. On appeal, this court affirmed, noting that all issues had been raised in previous proceedings at the trial court level.

Finally, on October 13, 1986, appellant filed this last PCHA petition which was denied without a hearing. Appellant appealed *pro se* from that order and the court appointed Paul W. Kilgore, Esquire to represent him.

■ Mr. Kilgore now requests permission to withdraw. Counsel has made a conscientious review of the record and has determined that the instant appeal is wholly frivolous. After an independent review of the record, we agree and allow his withdrawal.[6]

This procedural history is important especially when seen in light of 42 Pa.C.S. § 9545(c) which provides:

> (c) **All available grounds to be set forth.**—Any person desiring to obtain relief under this subchapter shall set forth in the petition all of his then available grounds for such relief for any particular sentence he is currently serving and he shall be entitled to only one petition for each crime. The failure to raise any issue in the petition shall be deemed a waiver of any right to future presentation of another petition containing grounds for relief that were available and could have been presented.

**6.** Based on the procedure that we announced in Section A, Part V of this opinion, the trial court will determine such matters in the future.

As we read the record, we think that the issues now before us may have been available grounds for relief when appellant filed his previous petitions. Based on § 9545(c), however, we deem the issues before us to be waived[7] because they could have been presented in one of the many earlier petitions, but were not. Therefore, we agree with the trial court that this appeal is frivolous.

We find support for our conclusion in *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981). In *Alexander*, a plurality of the Pennsylvania Supreme Court quoted the predecessor to § 9545(c), which contained essentially the same language as the current version, and reasoned that "the PCHA explicitly contemplated a *single* post-conviction proceeding in no uncertain terms." *Id.*, 495 Pa. at 30, 432 A.2d at 183. *Cf. Commonwealth v. McCabe*, 359 Pa.Super. 566, 567–71, 519 A.2d 497, 498–99 (1986) (delay not a factor in determining claims raised in first PCHA petition).

The *Alexander* court was reviewing the sixth PCHA petition by the same petitioner. The court concluded that some of the issues would not be addressed because they had already been litigated, and that the remaining issues were waived. The court supported its conclusion by recounting the numerous prior petitions, the frivolous nature of the issues advanced, the entrance of a guilty plea, the delay in filing of the various petitions, and the nebulous claims of ineffectiveness. *See Commonwealth v. Jones*, 477 Pa. 266, 269, 383 A.2d 926, 927 (1978) (in PCHA appeal, appellant had waived challenge to validity of his guilty plea).

We follow the lead of the Pennsylvania Supreme Court by deeming appellant's issues waived and thereby denying the relief requested in his most recent PCHA appeal. Therefore, the order of the trial court must be affirmed.

Order affirmed. Petition to withdraw is granted.

7. One of the "arguable" issues raised by appellant's appointed counsel is that a former PCHA counsel should have pursued a *discretionary* appeal to the Pennsylvania Supreme Court. We find no merit in this argument.

Concurring and dissenting statement by ROWLEY, J.

Concurring and dissenting opinion by McEWEN, J.

ROWLEY, Judge, concurring and dissenting:

I join in the order of the Court. However, I am unable to join in President Judge Cirillo's Opinion. Although I do not join in the Opinion, either as to the necessity for a new procedure or the procedure proposed by President Judge Cirillo, I especially want to emphasize my disagreement with the fifth step in the procedure proposed by the majority which requires the *trial* court in all situations to make the initial determination whether the appeal is frivolous. Frequently the petition to withdraw is not filed until an appeal has been taken and the trial court has been divested of jurisdiction. I see no need under these circumstances to delay the ultimate resolution of the appeal by remanding the case to the trial court for its determination of the frivolity of the appeal. In my opinion, should the proposed procedure become law, the frivolity of the appeal should be determined by the appellate court.

McEWEN, Judge, concurring and dissenting:

While I concur in the ruling of the majority which affirms the order denying relief, and permits counsel to withdraw, I am, nonetheless, compelled to most respectfully dissent from the decision to alter the procedures which counsel must employ when appointed to represent indigent defendants in proceedings pursuant to the Post Conviction Hearing Act, 42 Pa.C.S. §§ 9541–9551. The dilemma presented by frivolous collateral attacks upon convictions is a troublesome situation made perplexing by the scrupulous commitment of our legislature and courts to prevent injustice. Any and every method employed to resolve the dilemma is replete with seemingly purposeless procedures, and the *Anders* solution is no exception. Nonetheless, as toilsome as it may frequently appear, the *Anders* procedure is, in my view, as expedient a solution as has yet been devised and

has not proven so unwieldy as to require that it be discarded.

The United States Supreme Court in *Anders* devised a three pronged formula to determine when court appointed counsel will be permitted to withdraw his appearance in a direct appeal in a criminal case. The Court there decreed that when counsel, after a conscientious evaluation of the record, believes an appeal to be "wholly frivolous" and wishes to withdraw as counsel, he must: "(1) request the court's permission to withdraw as counsel, (2) submit with his request a brief referring the court to anything in the record which might arguably support an appeal, and (3) furnish a copy of this brief to his client in time to allow an appeal in *propria persona* or a request for appointment of new counsel." *Commonwealth v. Greer*, 455 Pa. 106, 108, 314 A.2d 513, 514 (1974). *See: Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981); *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968). The *Anders* decision was rendered in a direct appeal, and is not, by reason of federal law, of compulsory application in collateral appeals. It was, however, deemed sufficiently effective as to become prudently applicable in this Commonwealth to post conviction proceedings as well as direct appeals.

A convicted defendant who is indigent is, in most instances, entitled to representation by counsel[1] during proceedings initiated pursuant to the Post Conviction Hearing Act:

**Rule 1503. Appointment of Counsel**

(a) Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him. The court, on its own motion, shall appoint

---

**1.** Rule 1504 of the Rules of Criminal Procedure provides that counsel need not be appointed where "a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he was either afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon". *See also: Commonwealth v. Curtin*, 365 Pa.Super. 424, 529 A.2d 1130 (1987); 42 Pa.C.S. § 9545(c).

counsel to represent a petitioner whenever the interests of justice require it.

(b) Where counsel has been appointed, such appointment shall be effective until final judgment, *including, any proceedings upon appeal from a denial of collateral relief.*

Pa.R.Crim.P. 1503 (emphasis supplied).

It is well settled that the requirement that counsel be appointed is not satisfied by " 'the mere naming of an attorney to represent the accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.' " *Commonwealth v. Carrier*, 494 Pa. 305, 309, 431 A.2d 271, 273 (1981) *quoting Commonwealth v. Fiero*, 462 Pa. 409, 413, 341 A.2d 448, 450 (1975). *See also: Commonwealth v. Scott*, 469 Pa. 381, 383, 366 A.2d 225, 226 (1976); *Commonwealth v. Barton*, 312 Pa.Super. 176, 178, 458 A.2d 571, 573 (1983); *Commonwealth v. Ollie*, 304 Pa.Super. 505, 506, 450 A.2d 1026, 1027 (1982). *Accord: Commonwealth v. Turner*, 353 Pa.Super. 173, 175, 509 A.2d 391, 393 (1986); *Commonwealth v. Miller*, 325 Pa.Super. 163, 164, 472 A.2d 698, 699 (1981). The appointment of counsel in post conviction proceedings sharpens the presentation of issues and promotes the administration of justice. *Commonwealth v. Holland*, 496 Pa. 514, 515, 437 A.2d 1159, 1160 (1981). "Exploration of the legal grounds for complaint, investigation of the underlying facts and more articulate statement of claims are functions of an advocate...." *Commonwealth v. Mitchell*, 427 Pa. 395, 397, 235 A.2d 148, 149 (1967). *See also: Commonwealth v. Carrier, supra*, 494 Pa. at 308, 431 A.2d at 273; *Commonwealth v. Hines*, 287 Pa.Super. 291, 293, 430 A.2d 291, 292 (1981).

The Pennsylvania Supreme Court in *Commonwealth v. Lohr*, 503 Pa. 130, 468 A.2d 1375 (1983), declared:

Where counsel believes that an appeal would be wholly frivolous the procedure to be pursued is set forth in *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d

1185 (1981) (McClendon) requiring that counsel seek to withdraw by so petitioning the court and filing an *Anders* brief setting forth claims of "arguable merit." This requirement is intended to act as a reconciliation between disparate views: first, counsel's belief that an appeal would be wholly frivolous and, second, the right of an indigent defendant to enjoy representation commensurate with that available to more monied defendants. Submission of an *Anders* brief induces the court's review of the potential merit of an appeal before ruling on counsel's application to withdraw. As stated in *McClendon*, the goal is an independent determination of the merit of an appeal by a reviewing court.

*Id.*, 503 Pa. at 138, 468 A.2d at 1379 (footnote omitted). I am of a mind that our role as an intermediate appellate court precludes our rejection of a rule of procedure which our Supreme Court has approved, as I see it, in no uncertain terms. Because the Supreme Court has, in my view, the sole prerogative to revise any procedure it has adopted, I am unable to heed the call of the majority to scrap the *Anders* procedure, and to enact what is, in effect, a Rule of Criminal Procedure.

Since I take the position that this Court is powerless to enact such a rule, my view of the rule proposed by the majority becomes merely parenthetical. I am, nonetheless, obliged to observe that the manner in which the proposed procedure serves as an improvement upon the *Anders* procedure is, during my analysis, elusive. Moreover, it strikes me that submission of an *Anders* brief is a quite purposeful procedure, particularly in view of the quite minimal extra effort required of counsel who has already thoroughly examined the record and studied the applicable law.

Appellant in the instant matter claims that his guilty plea was unlawfully induced and that he should, therefore, be permitted to withdraw the plea. A cursory review of the record presently before this Court suggest that this issue has formed, with minor embellishments, the basis for approximately one dozen PCHA petitions filed by appellant.

This issue was raised in the first PCHA petition filed by appellant in December of 1980. That petition was dismissed when appellant knowingly failed to appear at the evidentiary hearing scheduled thereon. No appeal was taken. The second and third PCHA petitions filed by appellant, raising the same issue, were dismissed by the trial court and again no appeal was taken to the Superior Court. A fourth petition was dismissed and the Superior Court, on appeal, affirmed the dismissal of the petition on the grounds that appellant's failure to appear at the hearing on his first petition acted as a waiver of the issue. No petition for allocatur was filed. Appellant simply continued to file subsequent petitions raising the same issue. There can be no question but that appellant was not entitled, under the Rules of Criminal Procedure or the Post Conviction Hearing Act, to the appointment of counsel to assist him in the presentation of this petition. *See:* 42 Pa.C.S. § 9544(a); Pa.R.Crim.P. 1504. Thus it is that I would affirm the order which dismissed the latest PCHA petition filed by appellant and allow counsel to withdraw.