539 A.2d 1335

**COMMONWEALTH of Pennsylvania**

v.

**William SHEPPARD, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 21, 1987.

Filed April 4, 1988.

John J. Kevlock, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before McEWEN, OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

This is an appeal from the trial court's order denying appellant's petition for relief under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 *et seq.* For the reasons stated below, we affirm the judgment of the trial court.

A statement of the case follows. Appellant was charged and found guilty of first-degree murder and possession of an instrument of a crime. On October 6, 1977, he was sentenced to concurrent terms of life imprisonment for the conviction of first-degree murder with one to five years' imprisonment for the conviction of possession of an instrument of a crime. On September 7, 1979, the judgment of sentence was affirmed by our Court. *Commonwealth v.*

*Shepherd,* 269 Pa.Super. 291, 409 A.2d 894 (1979). Petition for allowance of appeal to the Supreme Court was denied on February 4, 1980.

Appellant's first *pro se* petition for relief under the Post Conviction Hearing Act was filed on September 24, 1980. Other than prior counsel was appointed to represent him in this matter, and an amended petition was filed. Following a hearing on this matter, the appellant's petition was denied on June 17, 1982. This decision was affirmed by our Court on April 6, 1984. *Commonwealth v. Sheppard,* 326 Pa.Super. 619, 474 A.2d 645 (1984).

On April 29, 1986, appellant filed the instant (second) *pro se* petition for relief under the Post Conviction Hearing Act. Other than prior counsel was appointed to represent him and to file an amended petition. By letter dated March 23, 1987, PCHA counsel notified the court that he was unable to ascertain any issues of arguable merit from the record and that the issues raised by appellant were without merit.

Upon receipt of this notice, the trial court undertook an independent review of the record and applicable law. Thereafter, the trial court entered an order on May 1, 1987, denying appellant's PCHA petition. Upon request of counsel, the trial court vacated the May 1, 1987, order and reinstated it as of June 2, 1987, so that appellant could timely file the instant appeal.

Appellant presents one issue for our review. Did the second PCHA court err in denying appellant's petition without a hearing in view of the fact that appointed counsel did not comply with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)?

Appellant's argument is premised upon this Court's holding in *Commonwealth v. Finley,* 330 Pa.Super. 313, 479 A.2d 568 (1984), *appeal dismissed* 510 Pa. 304, 507 A.2d 822, *cert. granted Pennsylvania v. Finley,* —— U.S. ——, 107 S.Ct. 61, 93 L.Ed 2d 20 (1986), *rev'd Pennsylvania v. Finley,* —— U.S. ——, 107 S.Ct. 1990, 95 L.Ed 2d 539 (1987). *Commonwealth v. Finley* held that a court-appointed attorney representing a defendant in a PCHA proceeding must

follow the procedure set forth in *Anders* when he is of the opinion that the case presents no basis for an appeal. Specifically, *Anders* provided court-appointed counsel in the above situation with two choices: (1) he could file briefs and argue the case on behalf of his client; or (2) he may choose to withdraw his services, in which case he must so advise the court and request permission to withdraw. Counsel's request to withdraw must be accompanied with a brief referring to anything in the record which arguably supports an appeal. This brief must be provided to defendant within enough time to allow defendant to pursue an appeal. *Commonwealth v. Finley, supra.*[1]

In the case at hand, appellant's counsel conducted a thorough review of the record and was unable to discern any issues, which had not been finally litigated, which presented arguable merit. Appellant's counsel so advised the court in a letter with copies of the letter sent to the district attorney and appellant. Appellant's counsel further presented his position to the court at a hearing on May 1, 1987. At that the time, the court directed counsel to perfect an appeal on appellant's behalf, should appellant so wish, before petitioning the court for permission to withdraw from the case. Accordingly, counsel perfected an appeal to this Court on behalf of appellant.

We feel that this procedure was substantially in accordance with that required by *Commonwealth v. Finley.* Al-

---

1. This statement of the law, as articulated by *Commonwealth v. Finley,* was overruled by the United States Supreme Court in *Pennsylvania v. Finley,* —— U.S. ——, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). *Pennsylvania v. Finley* held that, as a matter of federal constitutional law, the requirements of *Anders* do not apply to collateral proceedings such as a petition under the Post Conviction Hearing Act. Our Court, in accordance with *Pennsylvania v. Finley,* proposed a new procedure for appointed counsel to follow when they are asked to file what they believe to be a frivolous PCHA appeal. *See Commonwealth v. Rauser,* 367 Pa.Super. 370, 532 A.2d 1191 (1987). Although we find merit in the procedure suggested by *Rauser,* we believe that the matter is one of rule-making which is within the strict purview of our Supreme Court in its supervisory power. *See Commonwealth v. Schimelfenig,* 361 Pa.Super. 325, 522 A.2d 605 (1987). We therefore leave for the Supreme Court the adoption of the procedure suggested by *Rauser. See Commonwealth v. Harris,* 370 Pa.Super. 575, 537 A.2d 24 (1988).

558

though admittedly *Finley* was not followed to the letter, we believe that the purpose to be served by the *Finley* require- ments was fulfilled in this case. Specifically, the court was advised of counsel's wish to withdraw from the case; coun- sel outlined the legal issues in the case which might argu- ably support an appeal; and the defendant was so advised and his right to appeal was protected.

The order of the trial court is affirmed.