462 A.2d 233

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Keith BARREN, Appellee.**

Supreme Court of Pennsylvania.

Argued April 18, 1983.

Decided July 8, 1983.

494

Eric B. Henson, Deputy Dist. Atty., Alan Sacks, Philadelphia, for appellant.

Holly Maguigan, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

McDERMOTT, Justice:

This is an appeal from an order of the Superior Court reversing the judgments of sentence imposed on appellee, Keith Barren, by the Court of Common Pleas of Philadel-

phia. The lower court opinion appears at 273 Pa.Super. 492, 417 A.2d 1156 (1979). We now reverse.[1]

On June 16, 1976, appellee was convicted after a two day jury trial of rape and statutory rape in the assault and sexual molestation of Helen Wells (hereinafter "victim"), an 11 year-old girl. The victim, her mother, one Inez McCollum, and appellee all resided in the same apartment. At trial, the victim testified that at approximately 1 a.m. on March 13, 1976, appellee approached her in the apartment and, armed with a knife, forced her to engage with him in sexual intercourse. Later, the victim further testified, appellee forced her into a nearby vacant building and raped her a second time.

After appellee's conviction no appeal was filed until May 16, 1977, when appellee, acting *pro se,* filed a petition seeking relief under the Post Conviction Hearing Act.[2] The P.C.H.A. court, upon reviewing the petition, ordered that counsel be appointed to represent appellee and granted leave allowing counsel to file post verdict motions *nunc pro tunc.* Appellee's new counsel filed post verdict motions raising issues of prosecutorial misconduct and ineffective assistance of counsel. These motions were denied on February 2, 1978. Appeal was taken to the Superior Court which in a divided panel reversed appellee's convictions and remanded his case for a new trial. The Commonwealth now appeals the Superior Court's decision.

At issue is whether three separate comments made by the prosecutor during his closing statement at appellee's trial were so prejudicial as to deny appellee a fair trial and compel the conclusion that his defense counsel was ineffective for failing to object to the comments. Because they involve different issues, each comment will be addressed separately.

1. Jurisdiction is vested in this Court pursuant to the Act of July 9, 1976, P.L. 586, No. 142 § 2, 42 Pa.C.S.A. § 724(a).

2. Act of January 25, 1966, P.L. 1580, § 1 *et seq.,* 19 P.S. § 1180–1 *et seq.*

During his closing argument the prosecutor, in an apparent attempt to describe a rapist's motivations, made the following comment:

"A rapist's thrill is to have a woman submit to force, he overcomes her will. It is the kinky characters that like to assault too."

Record at 206.

The Superior Court concluded that this comment was improper because there was no evidence to support the contention that appellee was "kinky".

 It is well settled that an abstract comment uttered by a prosecutor during his closing statement which makes no specific reference to the accused does not constitute prosecutorial misconduct of such a nature as to necessitate a new trial. *See Commonwealth v. Perkins,* 473 Pa. 116, 373 A.2d 1076 (1977). *See also, Commonwealth v. Henson,* 269 Pa.Super. 314, 409 A.2d 906 (1979). In the instant matter, the word "kinky" was not applied to appellee. Furthermore, because its use was an isolated event which occurred during a lengthy, complex trial, it is unlikely that the word's impact on the jury was significant. As such, the comment did not constitute a basis upon which to find prejudicial error. *See Commonwealth v. Rigler,* 488 Pa. 441, 412 A.2d 846 (1980); *Perkins, supra. See also, Commonwealth v. Stoltzfus,* 462 Pa. 43, 337 A.2d 873 (1975).

The second comment made by the prosecutor during his closing statement attempted to explain that appellee's actions may have been influenced by sexual frustration. The prosecutor stated:

"He may have had an argument with Inez McCollum (the victim's mother). That suggests that he did not get any gratification that night and he was drunk."

Record at 208.

The Superior Court found that this inference was unsupported by the record.

 The record reveals that on the night of the crime appellee's behavior indicated that he was under the influ-

ence of alcohol. His breath had the odor of alcohol. He walked with a staggering gait. Appellee by his own testimony admitted that he had been drinking at the time. Furthermore, the record shows that appellee had argued with Inez McCollum on the evening preceding the crime. Thus, the prosecutor's comments were supported by testimony adduced at trial. Moreover, the inference drawn by the prosecutor from this evidence, i.e., that appellee's actions may have been the product of frustration, is not unreasonable.

■ It is well settled that a prosecutor's remarks fall within the ambit of fair comment if they are supported by the evidence and provided that they contain inferences which are reasonably derived from that evidence. *See Commonwealth v. Shain*, 493 Pa. 360, 426 A.2d 589 (1981); *Commonwealth v. Anderson*, 490 Pa. 225, 415 A.2d 887 (1980); *Commonwealth v. Glass*, 486 Pa. 334, 405 A.2d 1236 (1979). Because the challenged remarks satisfied these requirements, they were not improper.

The third and final comment during the prosecutor's closing statement was intended to bolster the credibility of the victim who appeared as a Commonwealth witness. The prosecutor stated:

"When Helen (the victim) got up there (on the witness stand) she had to go through this ordeal because she wanted to bring to you the truth, what actually happened."

Record at 216.

The Superior Court concluded that this was an improper method of supporting the victim's credibility.

■ Provided that he does not assert personal opinions, a prosecutor may, within reasonable limits, comment on the credibility of a Commonwealth witness, especially where, as here, that credibility is attacked by the defense. *See generally, Commonwealth v. Gwaltney*, 497 Pa. 505, 442 A.2d 236 (1982); *Commonwealth v. Brown*, 489 Pa. 285, 414 A.2d 70

(1980); *Commonwealth v. Van Cliff,* 483 Pa. 576, 397 A.2d 1173 (1979). In *Gwaltney,* this Court stated:

This Court has held that a prosecutor's remark concerning the credibility of a witness does not constitute reversible error where it is "motivated by, and was commensurate with the prior attacks upon the credibility of" the Commonwealth's witness.

497 Pa. at 513, 442 A.2d at 240.

In his closing statement, defense counsel described the victim's testimony as the product of rote memorization which she had repeatedly rehearsed with her mother in preparation for trial. The prosecutor would have been remiss in his duties had he failed to counter this attack with an attempt to support the victim's credibility before the jury. His remarks during summation were a reasonable attempt to comply with this duty and thus are properly categorized as constituting fair response. *See Commonwealth v. Scarpino,* 494 Pa. 421, 431 A.2d 926 (1981); *Commonwealth v. Brown,* 490 Pa. 560, 417 A.2d 181 (1980); *Commonwealth v. Smith,* 490 Pa. 380, 416 A.2d 986 (1980); *Rigler, supra.*

Having determined that the prosecutor's comments were, in fact, not outside the limits of fair comment, we now turn to the issue of trial counsel's ineffectiveness. The Superior Court found that appellee's trial counsel was patently ineffective for failing to object to the prosecutor's closing comments. This finding is bereft of a sound basis in law.

It is well settled that ineffectiveness exists where there is no rational basis to support counsel's actions in furthering the best interests of his client. *Commonwealth v. Upsher,* 497 Pa. 621, 444 A.2d 90 (1982); *Commonwealth v. Smallwood,* 497 Pa. 476, 442 A.2d 222 (1982); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Here, by his own admission, trial counsel did not object to the remarks in question because he believed that they did not improperly influence the jury and he wanted to avoid antagonizing the jury by repeatedly making frivolous

objections. Moreover, in view of the fact that the prosecutor's remarks were not improper, to find in this case counsel erred in remaining silent would ignore well established precedent holding that defense counsel is not ineffective for failing to raise meritless claims. *See Commonwealth v. Tarver,* 491 Pa. 253, 420 A.2d 438 (1980); *Commonwealth v. Webb,* 491 Pa. 329, 421 A.2d 161 (1980).

Accordingly, for the foregoing reasons, the order of the Superior Court is reversed and the judgments of sentence are reinstated.

ROBERTS, C.J., concurs in the result.