537 A.2d 24

**COMMONWEALTH of Pennsylvania**

v.

**Ulysses R. HARRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 2, 1987.

Filed Feb. 4, 1988.

Joseph K. Cottrell, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before OLSZEWSKI, WATKINS and CERCONE, JJ.

OLSZEWSKI, Judge:

■ This is an appeal from an order denying a petition for relief under the Post Conviction Hearing Act. Court-appointed counsel for appellant filed an *Anders* brief claiming that the issues appellant raises are frivolous and requesting permission to withdraw from the case. We determine that counsel has complied with *Anders* and grant counsel's request to withdraw. In addition, we find that the issues raised on appeal are without merit and, therefore, affirm the order of the trial court.

In October 1975, appellant was found guilty by jury of second-degree murder, conspiracy, robbery, and weapons offenses. Appellant was sentenced to life imprisonment for the murder with concurrent terms of incarceration on the other convictions. While represented by trial counsel, appellant filed a direct appeal to the Supreme Court. On July 14, 1978, that Court affirmed the judgment of sentence. *Commonwealth v. Harris*, 479 Pa. 343, 388 A.2d 688 (1978).

Appellant filed a pro se writ of habeas corpus in federal district court which was dismissed on January 18, 1980.

*Harris v. Cuyler*, C.A. # 79–590 (E.D.Pa.1980). On June 24, 1980, appellant filed his first pro se petition for relief under the Post Conviction Hearing Act (PCHA). The trial court appointed counsel twice during the pendency of appellant's petition. Between the two attorneys, appellant's petition was amended three times. On December 17, 1985, following an evidentiary hearing, the trial court denied appellant's petition. No appeal was taken from this denial.

On March 20, 1986, appellant filed a second pro se petition for relief under the PCHA. In August 1986, appointed counsel filed an amended petition [1] which was denied on February 9, 1987. The trial court appointed present counsel and this appeal followed.

Preliminarily, we note that counsel appointed to represent appellant on this collateral appeal filed an *Anders* brief. The United States Supreme Court recently declared, however, that *Anders* was not meant to apply to collateral post conviction proceedings. *Pennsylvania v. Finley*, —— U.S. ——, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). In accordance with *Finley*, in *Commonwealth v. Rauser*, 367 Pa.Super. 370, 532 A.2d 1191 (1987) (Rowley, J., and McEwen, J., concur in result and dissent), President Judge Cirillo opined that:

> Basic principles of American jurisprudence dictate that cases in conflict with the holding of the United States Supreme Court in *Finley* ... need no longer be followed. In short, a so-called Anders brief need no longer be filed in a PCHA appeal when effective counsel has determined that an appeal would be wholly frivolous. This rule is a proper balance between the duty to protect the rights of the individual and the avoidance of forcing attorneys into an ethical dilemma by requiring them to pursue a frivolous appeal.

1. We note that on October 29, 1986, the trial court ordered that appellant file a supplement to the amended petition delineating specifically the information demanded by the Commonwealth's answer. The record, however, does not contain the ordered document. Therefore, we will consider only the arguments properly raised in the August 1986 petition.

367 Pa.Superior Ct. at 385, 532 A.2d at 1199. *See, e.g.,* *Commonwealth v. Lowenberg,* 493 Pa. 232, 425 A.2d 1100 (1981).

In place of the *Anders* requirements, President Judge Cirillo declared the following procedure:

> Today we announce a method for counsel to certify that in his or her professional opinion there are no valid grounds for a PCHA appeal, without the need to raise issues which he does not support, but which could arguably be raised on appeal. The following procedure will be pursued henceforth by appointed attorneys who are asked to file what they honestly believe to be a frivolous PCHA appeal. First, counsel must conduct a thorough and comprehensive review of the record and relevant legal authority. Second, if the attorney in good faith and in his honest professional opinion believes after such a review that an appeal would be frivolous, he shall so advise the trial court and petition the trial court for leave to withdraw. Third, concurrent with his petition to withdraw, counsel shall inform his client of his petition to withdraw and the reasons therefor. Fourth, counsel shall advise his client of his right to another attorney and his right to raise issues on a pro se basis, as well as his right to appeal. The next step is taken by the trial court. The trial court is to conduct a full examination of all the proceedings, and if it determines that the case is frivolous, should grant the petition to withdraw.[5]

> [5] Thus, the appellate system is not involved in the initial finding of frivolity or the petition to withdraw.

367 Pa.Superior Ct. at 385, 532 A.2d at 1198.

We find much merit in the procedure suggested by the President Judge. While we agree with the President Judge that *Finley* should be followed in the Commonwealth, we feel that the matter is one of rule-making which is within the strict purview of our Supreme Court in its supervisory power. *See Commonwealth v. Schimelfenig,* 361 Pa.Super. 325, 522 A.2d 605 (1987). Therefore, we leave for the Supreme Court the adoption of the procedure recommended by President Judge Cirillo and are constrained to analyze

the instant situation under the litany of cases adopting the *Anders* standard.

■ Present counsel has made a motion to withdraw. The law in Pennsylvania concerning withdrawal when counsel sees no basis for appeal is derived from *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), adopted in *Commonwealth v. Baker,* 429 Pa. 209, 214, 239 A.2d 201, 203 (1968). Before counsel may be permitted to withdraw, counsel must make a thorough examination of the record to determine that the appeal is wholly frivolous and then (1) request permission of the court to withdraw; (2) accompany his request with a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of such brief to the indigent client in time to allow him to present the appeal in *propria persona* or request appointment of new counsel. *Anders, supra; see also Commonwealth v. Green,* 355 Pa.Super. 451, 513 A.2d 1008 (1986).

Instantly, in compliance with the foregoing, counsel avers that appellant's second amended petition under the PCHA is without claims and issues which are not wholly frivolous. In support of this conclusion, counsel sets forth the relevant facts and discusses at length each of appellant's contentions in light of the record. Further, counsel indicates that he had reviewed the record for any issues of arguable merit. *See Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). Also, counsel furnished appellant with a copy of the *Anders* brief and petition to withdraw. We conclude that appellant's *Anders* brief evidences careful reflection and compliance with the three requirements. His request to withdraw is therefore granted.

■ We must now make an independent determination as to the frivolity of the appeal. *Anders, supra; Commonwealth v. Wallace,* 322 Pa.Super. 157, 469 A.2d 230 (1983). Appellant alleges the ineffectiveness of trial counsel and declares subsequent counsel ineffective for failing to challenge trial counsel's performance. In making an ineffective assistance of counsel claim, appellant is required initially to

establish that the underlying claim has arguable merit. *Commonwealth v. Brandt,* 353 Pa.Super. 250, 509 A.2d 872 (1986). Only if the claim is determined to be of arguable merit does the inquiry proceed to whether counsel acted reasonably. If the above criteria are met, the court must determine, finally, whether appellant was prejudiced by counsel's ineffectiveness. *Commonwealth v. Pierce,* 515 Pa. 153, 160–161, 527 A.2d 973, 976 (1987).

■ Appellant has not surmounted the arguable-merit hurdle as it relates to prior counsel's alleged failure to raise and/or object to any of his claims. First, appellant claims that the Commonwealth made unfairly prejudicial remarks at the outset of trial.[2] We are persuaded that the comments complained of were nothing more than an attempt during voir dire to describe the victim-police officer and discover whether everyone in the panel could be fair and impartial. Therefore, appellant's claim lacks arguable merit.

■ Next, appellant alleges that a new trial is warranted because the trial court, on one occasion, mistakenly named the victim as Thomas Meyer rather than Frank Collins. Our Supreme Court has declared that a misstatement constitutes reversible error only when the misstatement involves a variance between the testimony of a witness and the judge's account of it to such an extent that the interests of the defendant are seriously prejudiced and defendant is denied a fair trial. *Commonwealth v. Irwin,* 494 Pa. 277, 431 A.2d 257 (1981). When reviewing the misstatement, we must consider the trial as a whole, because prejudicial error cannot be predicated on isolated excerpts. *See id.*

Instantly, the record indicates that the trial court's inadvertent and isolated misstatement of the victim's identity is

---

**2.** We note that this issue and most contained herein were not raised in appellant's first PCHA petition and appellant has failed to allege any extraordinary circumstances that would preclude waiver. *See Commonwealth v. Bolding,* 315 Pa.Super. 444, 462 A.2d 278 (1983). Accordingly, we could deem the issues waived. *Id.* In the interest of placing this matter to rest, however, we will address the merits of appellant's contentions.

overshadowed by subsequent correct identification. Appellant is entitled to a fair trial, not a perfect one. *Commonwealth v. Rigler*, 488 Pa. 441, 412 A.2d 846 (1980), *cert. den.* 451 U.S. 1016, 101 S.Ct. 3004, 69 L.Ed.2d 387 (1981). Therefore, appellant's claim lacks arguable merit.

■ Appellant also urges that prior counsel was ineffective for failing to raise the issue of the "four corners of the indictment" and to object to a reference in the information to the victim's status as a former Philadelphia police officer. Both aspects of this claim are without merit. First, the court, at the outset of trial, read to the jury the indictment which charged defendant with murder of Frank Collins. Trial transcript at 126. Second, identification of the victim in the indictment referred to him by name, not by vocation.

■ Appellant also contends that counsel rendered ineffective assistance of counsel for remarking, "I do not know if we will ever be ready, Your Honor, but I would think so." Trial transcript at 539. Appellant has failed to establish with specificity how such a comment rendered counsel's performance ineffective. Nonetheless, the claim is meritless. Perusal of the record indicates that counsel's comment, elicited prior to closing argument, did not express unpreparedness. Rather, trial counsel was acknowledging the magnitude of the task before him. Therefore, this assertion too must fail.

■ Next, appellant alleges ineffectiveness for failure to object to the Commonwealth's commenting on appellant's failure to testify and/or present any testimony. A reading of the Commonwealth's closing indicates, however, that no mention was made of appellant's failure to take the stand in his own defense. The Commonwealth merely stated, "All [twenty-four] of those witnesses were either called or produced by the Commonwealth." Trial transcript at 568. Further reading of the portion establishes that the prosecutor was attempting to reiterate his evidence and explain discrepancies in their testimony. In this light, we concluded that the summation was fair comment on the evidence that

did not deprive appellant of a fair trial. *Commonwealth v. Barren,* 501 Pa. 493, 462 A.2d 233 (1983).

Similarly, appellant maintains that trial counsel was ineffective for failing to object to the Commonwealth's statement that the jury should:

> Put yourselves in their position. Suppose you were sitting in that bar, suppose you were Mr. Bell sitting next to a man that got shot in the head and there are bullets flying around and you know you are in a robbery and you don't know what is going to happen to you next. They told the truth. There [are] going to be variations.

Trial transcript at 576. These comments were within the prosecutor's prerogative in arguing the credibility of witnesses. Appellant's claim is without merit.

Appellant next argues that trial counsel was ineffective for failing to litigate the issue of causation of the victim's death and for stipulating to the medical examiner's testimony concerning causation. This issue was not specifically raised in appellant's amended PCHA petition and, therefore, cannot be considered for the first time in this appeal. *Commonwealth v. Simmons,* 504 Pa. 565, 475 A.2d 1310 (1984).[3]

Finally, appellant claims that the prosecutor's actions on several other occasions throughout trial were unfair; appellant, however, fails to establish in what manner he was prejudiced by these occurrences. We cannot discern appellant's arguments and we "decline to become appellant's counsel." *Commonwealth v. Sanford,* 299 Pa.Super. 64, 67, 445 A.2d 149, 150 (1982).

The order of the trial court is affirmed.

**3.** Nonetheless, we note that appellant's cause of death query would have been frivolous because overwhelming evidence was presented to establish that the victim died as a result of a gunshot wound. Trial counsel wisely refused to litigate this frivolous issue, for to do so would have brought gruesome and prejudicial evidence to the attention of the jury.