541 A.2d 388

**COMMONWEALTH of Pennsylvania**

v.

**Walter PERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 16, 1988.

Filed May 11, 1988.

Louis A. Perez, Jr., Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before OLSZEWSKI, WATKINS and CERCONE, JJ.

OLSZEWSKI, Judge:

Appellant Walter Perry seeks relief from the denial, without a hearing, of his petition under the Post Conviction Hearing Act ("PCHA"), 42 Pa.C.S. § 9541 et. seq.  Perry's

court-appointed attorney simultaneously requests permission to withdraw on the basis that Perry presents no meritorious grounds for review. Since we agree with counsel's assessment that this appeal is frivolous, we grant permission to withdraw, and affirm the dismissal of Perry's PCHA petition.

The facts of this case are not in dispute. Perry was convicted by a jury on January 8, 1981 of robbery, theft, and criminal conspiracy. He was represented by an attorney from the Defender Association of Philadelphia. Following the denial of post-verdict motions, he was sentenced to a total of three and one half to seven years incarceration. On November 30, 1982, this court affirmed the judgment of sentence, finding that although the trial court erred in admitting a photograph of Perry's accomplice, this error was harmless in light of the completeness of the witnesses' testimony, the closing arguments and jury charge, and the tangential relevance of the photograph. *See Commonwealth v. Perry*, 307 Pa.Super. 327, 453 A.2d 608 (1982). The Pennsylvania Supreme Court denied Perry's petition for Allocatur on March 13, 1983, 772 E.D. 82.

Perry filed a *pro se* PCHA petition on October 10, 1986, and Leonard Rubin, Esquire was appointed to represent him in connection with the issues raised therein. However, by letter of May 1, 1987, Mr. Rubin informed the court that after interviewing Perry, members of the Defender Association of Philadelphia, and conducting a review of the entire record, in addition to undertaking an independent examination of facts not previously contained in the record, he could find no issues of arguable merit to raise as a basis for post-conviction relief. Specifically, Rubin stated that the four issues which Perry sought to raise were either previously litigated, or refuted by the record. Following an independent review of the record, the PCHA court similarly concluded that the issues were frivolous and accordingly, dismissed Perry's petition. Present counsel Louis Perez, Jr., Esquire was appointed to represent Perry on the appeal from the denial of PCHA relief. Perez likewise asserts

that, after having conducted an exhaustive examination of the record, he can find no meritorious claims for the purposes of appeal, and therefore seeks leave to withdraw. However, Perez does set forth the claims upon which Perry seeks relief, the same claims which were presented by attorney Rubin to the PCHA court, and Perez addresses the frivolity of each issue. Perez has notified Perry of his position by certified letter.

Initially, we note that the method by which a court-appointed attorney seeks permission to withdraw is governed by the seminal case of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, the United States Supreme Court has recently held that the *Anders* procedures do not apply to state-created post conviction relief proceedings, as a matter of federal law. *See Pennsylvania v. Finley*, — U.S. —, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

Whether Pennsylvania will follow *Finley* or will require more protection than the United States Supreme Court requires when counsel seeks withdrawal from PCHA representation is as of yet undecided. Although the *Finley* case has been remanded to our court *en banc*, no decision has been reached as of the filing of this opinion. However, while the result in *Finley* may be instructive, that case involved the dismissal of counsel in *pending* PCHA proceedings, and thus, is not dispositive of the issue in the instant case.

In the aftermath of the *Finley* decision, President Judge Cirillo, in a plurality decision by this court, held that a so-called *Anders* brief need no longer be filed in a PCHA appeal when effective counsel has determined that an appeal would be wholly frivolous. This rule strikes a proper balance between the duty to protect the rights of the individual and the avoidance of forcing attorneys into an ethical dilemma by requiring them to pursue a frivolous appeal. *Commonwealth v. Rauser*, 367 Pa.Super. 370, 385, 532 A.2d 1191, 1199 (1987) (Per Cirillo, P.J., and Rowley, J. and McEwen, J. concur in result and dissent). President

Judge Cirillo enunciated a proposed standard, in substitution for the *Anders* requirements, to be used when court appointed attorneys are asked to file what they honestly believe to be a frivolous PCHA appeal:

First, counsel must conduct a thorough and comprehensive review of the record and relevant legal authority. Second, if the attorney in good faith and in his honest professional opinion believes after such a review that an appeal would be frivolous, he shall so advise the trial court and petition the trial court for leave to withdraw. Third, concurrent with his petition to withdraw, counsel shall inform his client of his petition to withdraw and the reasons therefor. Fourth, counsel shall advise his client of his right to another attorney and his right to raise issues on a *pro se* basis, as well as his right to an appeal. The next step is taken by the trial court. The trial court is to conduct a full examination of all the proceedings, and if it determines that the case is frivolous, should grant the petition to withdraw.

367 Pa.Superior Ct. at 384, 532 A.2d at 1198. Thus, the appellate system is specifically excluded from the initial finding of frivolity or the petition to withdraw. *See Rauser*, 367 Pa.Superior Ct. at 385, n. 5, 532 A.2d at 1198, n. 5. We note that since *Rauser* is a plurality opinion, the correct procedure to be followed where counsel seeks withdrawal from PCHA representation remains unsettled under Pennsylvania law.

Moreover, *Rauser* may be factually distinguished from the instant case. The former involved a PCHA petition which was initially filed *pro se;* when relief was denied, Rauser appealed, at which time counsel was appointed. Thus, Rauser was represented by counsel for the first time on appeal, and the attorney's petition to withdraw was then brought before our court. Instantly, Perry's PCHA petition was originally filed *pro se,* but counsel was appointed at the trial level, and was permitted to withdraw after filing a no-merit letter. Perry then appealed, and his second appointed attorney is now seeking withdrawal by filing an

*Anders* brief. Thus, the situation in this case, that is, the withdrawal of appointed counsel from the appeal of a denial of PCHA relief where prior PCHA counsel's request to withdraw was granted due to the frivolity of the appeal, appears to be one of first impression in the wake of *Finley.*

It is axiomatic that unrepresented petitioners have the right to appointed counsel in post-conviction proceedings, including any proceedings on appeal from the denial of collateral relief. Pa.R.Crim.P. 1503. However, Pennsylvania Rule of Criminal Procedure 1504 provides that the appointment of counsel shall not be necessary and petitions may be dismissed summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon. Moreover, the PCHA statute, 42 Pa.C.S. § 9551(b) states that the appointment of counsel shall not be required if the petitioner's claim is patently frivolous and without trace of support in the record.

Here, Perry has already received complete review of his case by two competent attorneys, in addition to the PCHA court, all of whom have found his assertions to be frivolous. Additionally, these attorneys independently could find no meritorious issues to raise. It seems futile to require attorneys, and this court, to nonetheless conduct an independent review of the record in these situations, as per *Anders,* or *Rauser,* should that standard be adopted in this Commonwealth. The Rules of Criminal Procedure clearly limit the right to appointed counsel for the filing of frivolous appeals. Therefore, we hold that, where prior counsel has been permitted to withdraw because the case is frivolous, subsequent appellate counsel, if so desired, is not required to utilize any formal procedures in order to withdraw, and does not have to continue representation on appeal. Thus, the second attorney is not placed in the position of either pursuing an appeal that has already been determined to be frivolous, or seeking withdrawal from the

court. However, we emphasize that this holding refers only to the actions of counsel, and does not preclude a petitioner from appealing *pro se*. Moreover, we are not preventing the attorneys from finding and arguing new issues on appeal, if they choose to do so, and thus, the petitioner's rights to counsel are not contravened.

Further, our decision today is limited to the unique factual scenario of the case *sub judice*, and we do not adopt it for implementation in situations concerning a PCHA petitioner's first appointment of counsel, a right which is firmly entrenched. *See*, e.g. Pennsylvania Rule of Criminal Procedure 1503(a). *See also Commonwealth v. Sawyer*, 355 Pa.Super. 115, 512 A.2d 1238 (1986). Since in Perry's case, appellate counsel has already been appointed, we further hold that this decision be applied prospectively.

Additionally, we note that our decision here is not inconsistent with the recent holding of our panel in *Commonwealth v. Harris*, 370 Pa.Super. 575, 537 A.2d 24 (1988). In *Harris*, Judge Olszewski opined that, although he agrees that *Finley* should be followed in Pennsylvania, the decision to make such an application is within the strict purview of our Supreme Court in its supervisory powers. Thus, the panel in *Harris* left for the Supreme Court the adoption of the procedure recommended by President Judge Cirillo in *Rauser*, and instead employed the pre-*Finley* "*Anders*" analysis. Factually, however, *Harris* may be distinguished from the case at bar, since Harris's first PCHA attorney did not seek withdrawal. Rather, Harris's petition was denied, and the second attorney was appointed. It was the latter attorney who sought dismissal by filing an *Anders* brief on appeal. Thus, *Harris* is not analogous to this case, because in the former, there was no finding of frivolity prior to the second counsel's appointment. Hence, we do not feel constrained to follow the reasoning used in *Harris*. Nor do we share the concern that, in holding as we do today, we are infringing upon the rule-making power of our Supreme Court. Here, we are not creating new procedures to be applied prospectively, as would be the case in *Rauser;*

rather, we are merely implementing and enforcing the existing Rules of Criminal Procedure with reference to appointment of counsel for representation on frivolous appeals.

Based upon the foregoing, we affirm the order of the PCHA court denying Perry relief, and grant attorney Perez permission to withdraw.