560 A.2d 800

**COMMONWEALTH of Pennsylvania**

v.

**Lawrence FOSTER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 2, 1988.

Filed June 22, 1989.

Eliot D. Moskowitz, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and WATKINS and MONTGOMERY, JJ.

CIRILLO, President Judge:

This is an appeal from the denial without hearing of a petition for relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. §§ 9541–9551 (repealed and replaced by the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546, effective April 13, 1988). The petition was denied as part of a *"Finley* disposition" in the hearing court upon court-appointed counsel's request to withdraw from representation of the petitioner due to the frivolousness of his claims for relief. Thus the hearing court's order was based upon its conclusion, after independent review of the record, that the

PCHA petition was frivolous. Despite this determination and the grant of permission for PCHA counsel to withdraw, the hearing court appointed new counsel, Eliot D. Moskowitz, Esquire, to represent petitioner in this appeal. Mr. Moskowitz has also requested permission to withdraw based on frivolousness, however, and that petition is before us for determination.

■ Before addressing the petition to withdraw, we note that under the present state of the law, appointment of appellate counsel following the withdrawal of PCHA counsel in a *Finley* disposition would be unnecessary and improper. *Commonwealth v. Turner*, 518 Pa. 491, 493–95, 544 A.2d 927, 928–29 (1988) ("When, in the exercise of his professional judgment, counsel determines that the issues raised under the PCHA are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw *and the petitioner may proceed pro se, or by privately retained counsel, or not at all.*" (emphasis added)); *Commonwealth v. Finley*, 379 Pa.Super. 390, 394, 550 A.2d 213, 215 (1988) ("Once counsel for the petitioner determines that the issues raised under the PCHA are 'meritless,' and the PCHA court concurs, counsel will be permitted to withdraw *and the petitioner may proceed on his own or with the aid of private counsel to pursue a review of the ruling entered, if he/she so wishes.*" (citing *Turner, supra* ) (emphasis added)).[1] In this case, however, because appellate

---

1. We have no difficulty in reaching this conclusion despite dictum in *Commonwealth v. Harris*, 381 Pa.Super. 206, 218 n. 6, 553 A.2d 428, 434 n. 6 (1989), to the effect that, absent an explicit statement by our supreme court that prior cases such as *Commonwealth v. Thompson*, 431 Pa. 161, 245 A.2d 268 (1968), and *Commonwealth v. Hoffman*, 431 Pa. 160, 245 A.2d 256 (1968), requiring appointment of counsel to pursue a PCHA appeal, are no longer viable, it would be assumed that appellate counsel should continue to be appointed after *Finley* dispositions in the hearing court. *Thompson* and *Hoffman* based their holdings upon a determination that the right to counsel in a collateral action was of constitutional dimension and thus that Pennsylvania's statutory right to assistance of counsel in PCHA proceedings was coextensive with the federal constitutional right to counsel outlined in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and its progeny. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), however, made it clear that there is no federal

counsel was appointed prior to the decisions in *Turner* and *Finley,* we cannot conclude that the hearing court acted improperly and we will thus hold counsel, in seeking to withdraw, to the same standards applicable to attorneys properly appointed under *Turner* and *Finley.*[2]

■ Counsel's original petition to withdraw in this matter was filed prior to the Pennsylvania Supreme Court's decision in *Turner* or the en banc decision of this court in *Commonwealth v. Finley.* Although the United States Supreme Court decision in *Pennsylvania v. Finley, supra,* had made it clear that, as a matter of federal constitutional law, the procedures of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), were not prerequisites to attorney withdrawal in postconviction matters, the requirements of Pennsylvania law in light of *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), were not clear at that time. Accordingly, in reviewing counsel's petition, this court continued to apply the standards enunciated in *McClendon* for withdrawal in direct appeals despite the fact that this was a petition for collateral relief.

Under these standards, counsel's original petition, filed on March 2, 1988, was denied based on his failure to establish

constitutional right to counsel at *any* stage of a post-conviction proceeding. *Commonwealth v. Turner, supra,* then clarified that the right to counsel provided in Pennsylvania by supreme court rule is vindicated if counsel is permitted to withdraw after following procedures akin to those used in *Finley.* These decisions thus tacitly overrule the prior Pennsylvania Supreme Court decisions referred to by the *Harris* panel and carve out an exception to Pa.R.Crim.P. 1503(b) (providing that a court appointment of counsel continues on appeal from a denial of PCHA relief) where the appointment has been terminated by the court based upon its finding that the petition is frivolous and thus that counsel cannot ethically advocate it.

2. The appointment of appellate counsel and counsel's original request that he be permitted to withdraw also occurred before this court's decision in *Commonwealth v. Perry,* 373 Pa.Super. 422, 541 A.2d 388 (1988), which, although it did not hold reappointment of counsel improper in this situation, did state that where such an appointment has occurred, "subsequent counsel, if so desired, is not required to utilize any formal procedures in order to withdraw, and does not have to continue representation on appeal." *Id.,* 373 Pa.Superior Ct. at 427, 541 A.2d at 390. *Perry's* elimination of procedural requirements for withdrawal of subsequent counsel thus has no application to this case.

that he had provided the necessary notice of his actions to his client. He was given permission, however, to resubmit his petition to withdraw accompanied by evidence that he had complied with the notice requirements of *McClendon*, *supra*. As of May 18, 1988, counsel had failed to take any further action in the matter, and on that date we entered an order directing him, within ten days and on pain of sanctions, either to provide notice to his client and renew his withdrawal petition or to file an advocate's brief on appellant's behalf. Counsel did neither, but instead filed a new petition to withdraw, this time alleging personal reasons for the withdrawal. The reasons alleged in this new petition were insufficient to justify the withdrawal of court-appointed counsel and it was therefore denied, with directions to counsel to file an advocate's brief on or before June 10, 1988.

Counsel did file an additional brief before this deadline, but it was not an advocate's brief—rather, it alleged that the issues raised by appellant's PCHA petition are frivolous. It thus failed to satisfy either our order or the requirements of *McClendon*. However, since its filing, any doubts as to the requirements of Pennsylvania law regarding attorney withdrawal in postconviction matters have been resolved by the decisions in *Turner* and *Commonwealth v. Finley*. Upon review of the brief in light of these decisions, we must conclude that counsel has substantially complied with their requirements. Moreover, upon review of the record and the hearing court's opinion outlining its reasons for concluding that the PCHA petition was frivolous, we must agree that the petition is entirely meritless, that counsel should thus be permitted to withdraw, and that the hearing court's order denying the petition should be affirmed.

Although changes in the law have resulted in a windfall to counsel in that he can now be permitted to withdraw despite his failure to comply with the requirements of case law in existence at the time he originally filed his request, we cannot overlook his failure to comply with our explicit

directives.   Accordingly, we direct the PCHA court to with-hold any fees which might otherwise be due Eliot D. Moskowitz, Esquire, in connection with his appointment in this matter.

Order affirmed.   PCHA court is directed to withhold any fees due court-appointed appellate counsel.