568 A.2d 622

**COMMONWEALTH of Pennsylvania**

v.

**David TURNER, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 15, 1989.

Filed Dec. 14, 1989.

Reargument Denied Jan. 26, 1990.

George H. Newman, Philadelphia, for appellant.

Frances G. Gerson, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before WIEAND, BECK and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Philadelphia County. We affirm.

Appellant David Turner was arrested on February 2, 1987, for the murder of Nelson Diaz. Earlier that day, Rosemary Morales, a/k/a Rosa Diaz, responding to a knock at the door, found Turner who wanted to buy drugs from Diaz. Diaz refused to sell the drugs because Turner wanted to purchase a $20.00 bag, but had only $18.50. Subsequently, Morales heard a gunshot. She saw Turner chasing Diaz up the stairs while shooting at him. Turner then ran down the stairs, pointed the gun at Morales and said, "Bitch, if you tell, I'll kill you too." Thereafter, Morales found Diaz lying on the steps bleeding. She searched his pockets, but found no drugs. According to Morales, Diaz had at least twelve bags of drugs on his person before the shooting.

That evening, Morales gave a statement to the police. Prior to the preliminary hearing, a man threatened Morales' life if she testified in this matter. As a result, at the preliminary hearing, Morales said that she did not recall making a statement to the police because she had just finished "free-basing." She did state, however, that her identification of Turner was positive. At trial, Morales did not deny giving the statement to the police and her testimony was in accord with said statement.

Turner was found guilty of second degree murder and possession of an instrument of crime, generally. For the second degree murder charge, he was sentenced to life imprisonment. No penalty was imposed for the latter charge. Post-verdict motions were denied. This appeal followed.

Turner raises five issues for our review: (1) whether the evidence was insufficient to support a finding of second degree murder; (2) whether the trial court erred in failing

to provide the jurors with additional instructions after they reported that they were deadlocked; (3) whether the trial court erred in denying Turner's motion for a mistrial or to strike the testimony of Assistant District Attorney Barbara Buba; (4) whether the trial court properly overruled Turner's objections to the prosecutor's closing argument; and (5) whether Pa.R.Crim.P. 1100 was violated.

First, Turner contends that the evidence was insufficient to support a conviction of second degree murder because there was no evidence that he committed a felony. He argues that the only evidence that a felony occurred was Morales' testimony, which at most invited speculation of a felony. Further, he asserts that there was no evidence of intent to rob Diaz. As a result, he urges this court to arrest judgment on the second degree murder conviction.

When reviewing the sufficiency of the evidence in a criminal case, the test is whether the evidence admitted at trial is sufficient to prove every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Davis*, 491 Pa. 363, 369, 421 A.2d 179, 182 (1980). The reviewing court views the evidence in a light most favorable to the Commonwealth as the verdict winner and accepts as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder could properly have based its verdict. *Id.*

In the instant case, the evidence clearly supports the verdict. Barbara Buba testified as to the statement made by Morales prior to trial. Morales' testified that Turner shot and killed Diaz after Diaz refused to sell drugs to Turner. She said that Diaz had twelve bags of heroin on his person before he was shot, which were missing after the shooting. Additionally, Turner admitted to being a drug user. This evidence, viewed in a light most favorable to the Commonwealth, is sufficient to support a conviction of second degree murder.

Turner next alleges that the trial court failed "to instruct the jurors to deliberate conscientiously, but not to surrender

an honestly held belief merely to reach a verdict, after the jurors had reported that they were hopelessly deadlocked." Turner moved for a mistrial which was denied. He then requested that the jurors be given additional instructions.

█ The American Bar Association standards are to be followed when giving jury instructions to deadlocked jurors. *Commonwealth v. Spencer*, 442 Pa. 328, 337–38, 275 A.2d 299, 304–05 (1971). The standard relevant to the instant case is as follows:

> If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in subsection (a).

*Id.*, 442 Pa. at 337–38 n. 7, 275 A.2d at 304 n. 7.

█ Here, the jurors were initially instructed in accordance with the instructions set forth in *Spencer*. (N.T. 4/7/88 at 49). *See also Spencer*, 442 Pa. at 337–38 n. 7, 275 A.2d at 304 n. 7. After the jurors indicated that they were deadlocked, the trial judge followed the above-mentioned guidelines by instructing the jurors to deliberate further. The trial judge *"may ... repeat an instruction as provided in subsection (a)." Id.* The use of the word "may" rather than "shall" means that whether the instructions are to be repeated is discretionary rather than mandatory. Therefore, the trial judge did not err in requesting that the jurors continue their deliberations without repeating the instructions.

Turner's third argument is that the trial court erred in not granting his request for a mistrial, or in the alternative, striking the testimony of Assistant District Attorney Barbara Buba. During the pre-trial stages, Buba handled this case. She was subsequently replaced by Assistant District Attorney Andrea Foulkes. At trial, Buba testified regarding Morales' testimony at the preliminary hearing.

We note initially that appellant did not object to Buba's testimony until the day after she testified. The failure to

make a timely objection constitutes waiver of the issue. *Commonwealth v. Butts*, 495 Pa. 528, 434 A.2d 1216 (1981).

■ In any event, appellant's argument that an assistant district attorney cannot testify in a criminal case being prosecuted by another assistant district attorney is without merit. Appellant relies upon D.R. 5–101 and 5–102 of the Pennsylvania Code of Professional Responsibility. However, at the time of trial these rules were no longer in effect. The applicable rule now provides:

> A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 [Conflict of Interest: General Rule] or Rule 1.9 [Conflict of Interest: Former Client].

Rules of Professional Conduct 3.7(b).

Since neither exception is applicable here, there is no bar to Buba's testifying.

Turner next contends that the trial court erred in overruling his objections to the prosecutor's closing argument because "she appealed to the jury's sympathy, testified as to facts outside the record, invited speculation, and disparaged defense counsel, all of which denied appellant a fair trial." He cites nine instances of alleged error. Each of these alleged errors is discussed below.

■ The prosecutor's closing argument must present the facts in a manner that will lead the jury to a dispassionate and objective evaluation of those facts and will produce a judgment warranted by the evidence. *Commonwealth v. Davis*, 363 Pa.Super. 562, 583, 526 A.2d 1205, 1216 (1987), *allocatur denied*, 518 Pa. 624, 541 A.2d 1135 (1988). The prosecutor's statements must be limited to the facts introduced at trial and the legitimate inferences therefrom. *Commonwealth v. Howard*, 375 Pa.Super. 43, 53, 543 A.2d 1169, 1174 (1988), *allocatur denied*, 522 Pa. 573, 559 A.2d 35 (1989). The Commonwealth is allowed reasonable latitude in fairly presenting its version of the case to the jury. *Id.* When error is alleged, the "unavoidable prejudice test"

is applied. *Id.* Under this test, "[t]he language must be such that its unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Id.* 375 Pa.Super. at 52, 543 A.2d 1174–75. Allegedly improper comments are evaluated in full context, including the defense closing. *Commonwealth v. Frazier,* 331 Pa.Super. 128, 134, 480 A.2d 276, 279–80 (1984).

■ Turner first objects to the remark that "in other crimes there is a victim who will appear in court, where as in the instant case the jury will never be able to hear the victim's version of the story." He claims that the comment was to "inflame the passions of the jury and prevent a fair and impartial assessment of the evidence presented."

Such a remark does not require a new trial. In *Commonwealth v. Burton,* 491 Pa. 13, 417 A.2d 611 (1980), the prosecutor stated that the murder victims "will never be able to be brought out into the light of this world." *Id.,* 491 Pa. at 23, 417 A.2d at 615. The court held that the remark was close to the borderline of permissible argument, but did not mandate a new trial. *Id.,* 491 Pa. at 23, 417 A.2d at 615–16. "The remark did not go beyond pointing out the obvious fact that the victims were dead and did not raise facts or considerations outside the evidence developed at trial. Neither did it convey a personal assertion of belief in [the defendant's] guilt." *Id.,* 491 Pa. at 23, 417 A.2d at 616. The comment in *Burton* is similar to that in the instant case. Although the prosecutor should have avoided such a comment, a new trial is not warranted. *Id.,* 491 Pa. at 23, 417 A.2d 615–16.

■ Turner's next three objections relate to statements regarding the witness Morales. He finds error with the assertions: (1) "that many crimes in addition to the instant one are committed before witnesses of less than good repute;" (2) "Morales was a brave woman;" and (3) "Rosa stayed with the dying father of her unborn child."

A prosecutor has the prerogative of arguing the credibility of the witnesses. *Commonwealth v. Harris*, 370 Pa.Super. 575, 583, 537 A.2d 24, 28, *allocatur denied*, 520 Pa. 595, 552 A.2d 250 (1988). The prosecutor can respond to remarks in defense counsel's closing and to the credibility of witnesses. *Commonwealth v. McKendrick*, 356 Pa.Super. 64, 75, 514 A.2d 144, 150 (1986), *allocatur denied*, 514 Pa. 629, 522 A.2d 558 (1987).

The prosecutor's remarks regarding Morales were in response to defense counsel's attack on Morales' credibility. He referred to her as amoral, a prostitute and "Rosa with the six names." He asked the jury if Morales was the type of person to whom they would give a loan. In addition, defense counsel insinuated that Morales identified Turner only to "play ball" with the Commonwealth. Therefore, the prosecutor's comments were a fair response to defense counsel's closing.

Turner alleges that the assistant district attorney argued matters not in evidence. He objects to the following: (1) life gets lost over steak sandwiches, quarters and silly reasons; (2) a possible meeting between Turner and Diaz; and (3) that Diaz may have brandished something at Turner during the alleged encounter the preceding Friday.

As stated previously, allegedly improper comments must be evaluated in full context, including the defense closing. *Frazier*, 331 Pa.Super. at 134, 480 A.2d at 279–80. Defense counsel argued: "And the claim is that David Turner shot him over $1.50. I would submit to you that that is the most ludicrous theory, that he shot him over that." (N.T. at 99–100). The prosecutor then stated that life is sometimes lost over a steak sandwich ... over a quarter ... for very silly reasons." (*Id.* at 138.) Such a statement is justified in light of defense counsel's argument.

Turner contends that there is no evidentiary basis for suggesting a meeting between Turner and Diaz prior to the shooting. A prosecutor may, with logical force and vigor,

point out fair deductions and legitimate inferences to be drawn from the evidence. *Commonwealth v. D'Amato,* 514 Pa. 471, 489, 526 A.2d 300, 309 (1987). Turner and Diaz lived only three and a half blocks apart. The evidence revealed that on the morning of the incident, both Diaz and Turner went to the grocery store. Turner attempted to purchase drugs from Diaz shortly after Diaz returned from the store. Circumstantially, it can be inferred that the two met and that Turner was aware that Diaz had drugs to sell. The prosecutor was merely arguing a legitimate inference.

■ The objection to the statement that Diaz may have brandished something at Turner during the alleged encounter the preceding Friday is waived. Defense counsel objected to this statement at trial at which time the court appropriately charged the jury with a charge prepared by defense counsel. Since no further objection was raised, this issue is not properly before us. *See* Pa.R.A.P. 302(a).

■ Turner argues that the following statement by the prosecutor was improper: "So he had every reason in the world to come out and watch as clear as he could while the police activity was going in that direction, perhaps even laughing to himself as to their mis-pursuit of another individual." (N.T. at 147–48). This statement must be viewed in the context of the defense closing. Defense counsel argued that if Turner was guilty, he would not have been outside his house while the police were pursuing someone else. When placed in context, the prosecutor's remark was proper.

■ Turner claims that it was error for the prosecutor to argue that Turner's defenses were inconsistent. Again, the alleged error must be viewed in context. Defense counsel urged that Turner was innocent; but, he also suggested that if the jury chose to believe Morales, then the crime should be voluntary manslaughter, rather than murder. (N.T. at 116). The prosecutor merely pointed out that a claim of innocence was inconsistent with a claim of voluntary manslaughter.

226

 Turner's final argument is that Pa.R.Crim.P. 1100 was violated because the Commonwealth was improperly granted an extension three times. He alleges that the Commonwealth did not demonstrate due diligence and alleged judicial delay without any proof.

This argument is meritless. In each of its petitions, the Commonwealth stated that it was prepared for trial, however, no homicide judge was available to try the case. Where the Commonwealth, despite due diligence, cannot timely bring a defendant to trial because of judicial delay, the court properly may grant an extension. *Commonwealth v. Colon*, 317 Pa.Super. 412, 420, 464 A.2d 388, 392 (1983). Therefore, the Commonwealth's petitions were properly granted.

Accordingly, the judgment of sentence is affirmed.