## Commonwealth v. Reichle

*Gregory Stuck, assistant district attorney,* for the Commonwealth.

*Michael Suders* and *Michael Apfelbaum,* for defendant.

FEUDALE, *J.,* May 17, 1991—The issue before the court as framed on remand by the Superior Court, is the determination and imposition of costs and counsel fees for a frivolous appeal to the Superior Court. Barbara Reichle, who was represented by the public defender, had entered into a negotiated guilty plea to a count of DUI, in exchange for the Commonwealth's agreement to nol pros the remaining charges, and recommend the mandatory minimum sentence of 48-hours incarceration. We accepted the plea and sentenced her to 48 hours to 23 months. She subsequently filed an appeal to the Superior Court. The appellate court agreed with this court that Reichle received the "benefit of her bargain" noting there is only a limited right of appeal following the entry of a negotiated guilty plea.

In effect, the Superior Court reiterated an appeal as of right exists only in a challenge to the legality of the sentence. 42 Pa.C.S. §9781(b). See also *Com-*

*monwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987); Pa.R.A.P. 2119(f).

On May 10, 1991, we convened a hearing on the determination and imposition of counsel fees. The Commonwealth was represented by Gregory Stuck, the assistant district attorney, who was assigned the responsibility of researching and filing an appellate brief with the Superior Court. Mr. Stuck was aided by George Hepner, also an assistant district attorney, who assisted the Commonwealth in examining Mr. Stuck in support of the request for costs and counsel fees.

Defendant, Mrs. Barbara Reichle, was represented by Michael Apfelbaum. He was kind enough to voluntarily assist her on a pro bono basis due to Reichle's indigent status. Mrs. Reichle was represented at the time of plea, sentencing, and appeal by assistant public defender Michael Suders. Mr. Suders, along with Joseph Michetti, the chief public defender, represented their respective interests in this proceeding.

Initially, we would note we encouraged these public servants to amicably resolve this dispute. We suggested that in consideration of the recent Supreme Court decision of *Smith v. Pennsylvania Board of Probation and Parole,* 524 Pa. 500, 574 A.2d 558 (1990), which held counsel fees and costs could be assessed against court-appointed appellate counsel for filing a frivolous appeal, that the Defender's Office acknowledge the precedent set in *Smith* and re-emphasized in *Reichle,* and in the future, more carefully scrutinize and counsel defendants about the limited right of appeal as to the legality of their sentences. Such applies, especially when they get the benefit of their bargain. We indicated if the client still persists in proceeding with the appeal, counsel for the defendant should then file an *Anders*

brief. See *Anders v. California,* 386 U.S. 738, 875 S.Ct. 1396, 18 L.Ed. 2d 493 (1967). As noted by the court in *Smith, supra,* by filing an *Anders* brief, a lawyer does not advocate arguments he believes are "wholly frivolous," rather, he presents them to the court for the court's confirmation of his belief.

Regrettably, the parties were not able to resolve the matter amicably, and a rather bitter two-hour hearing ensued. As stated, the issue was that of the determination and imposition of costs and counsel fees. In support of such, Mr. Stuck testified he estimated he spent 25 hours over a five-day period researching and writing his appellate brief. He also indicated he spent another 15 hours doing his own typing, but he was not claiming compensation for such. He also noted there were copying costs of $23 and $6.10 spent on postage. We would note no request was made for fees and expenses as reimbursement for the costs of the instant proceeding. Mr. Stuck also indicated he is paid $27,000 a year. He suggested the court consider reasonable reimbursement at the $40 an hour rate paid to court-appointed counsel. He also requested, over objection which was sustained, to testify to the prevailing rate in the community and/or his rate when he was an associate in a local law firm.

On cross-examination from Mr. Apfelbaum, Mr. Stuck acknowledged that while he asked the appellate court to award counsel fees in this matter he did not keep any records and, in fact, had prepared his present estimate of time expended within the last two days. Mr. Suders and Mr. Michetti inquired as to the length of time spent on what they perceived to be the narrow issue appealed. Mr. Stuck was also questioned as to a breakdown in the time spent researching the legal issues appealed as compared to his quest for counsel fees. Mr. Stuck indicated it

was all "intermeshed." He also acknowledged the District Attorney's Office has briefs on file that addressed the same issues addressed by the defendant on appeal but opined they were not good enough. Next, Stuck acknowledged at times he worked on the brief at home, stating he is on call 24 hours a day and is a salaried employee. When again questioned how he specifically arrived at his time records, Mr. Stuck stated "I'm not a mathematician, that's why I became a lawyer." Mr. Stuck acknowledged he asked the public defender to orally argue the case in the Superior Court rather than argue it on briefs, but Mr. Suders declined. Mr. Stuck also stated he would have gone to the Pennsylvania Supreme Court with this case if he could have—for the experience. Finally, Mr. Stuck announced on his own apparently unresponsive to any question, that he "could have blown these figures up" but they were, in fact, an "underestimate."

The only witness called by the defense was Barbara Reichle. She indicated she relied on a statement in our guilty plea colloquy form that she had the right to appeal to the Superior Court and was not told if she appealed she might be liable for costs and counsel fees. She noted she is still physically disabled and indigent. Ms. Reichle stated she asked Mr. Suders to file an appeal because she was displeased with the length of the sentence. In closing, we inquired whether she simply asked her attorney to file an appeal because she knew it would not cost anything, and Reichle responded in the negative.

Pa.R.A.P. 2744 provided as follows:

"In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including:

"(1) a reasonable counsel fee and

"(2) damages for delay at the rate of 6 percent, annum in addition to legal interest,

"if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule."

The commentary to the rule noted some concern was expressed that the rule should contain an exception for criminal cases in which the defendant may have a constitutional right to appeal, whether frivolous or not. It was felt that such a right would be taken into consideration, when appropriate, and that such blanket exception should not be written into the rule.

Obviously, the Supreme Court in *Smith* put defense counsel on notice that there are limits to the constitutional right to appeal and under certain circumstances costs and attorney fees may be assessed for frivolous appeals.

We note with some irony the following:

(1) The court, in response to defendant's appeal, wrote a two-page opinion which might have consumed at best approximately one hour of court and secretarial time.

(2) Mr. Stuck claims he spent 25 hours researching and writing a 14-page brief, plus an additional 15 hours of typing in this narrow, single-issue appeal. In effect, he spent the equivalent of a full work week on this task.

The court, upon remand from the Superior Court, spent two hours in a hearing, plus another four hours writing this opinion.

Benjamin Franklin stated. "Dost thou love life? Then do not squander time, for that is the stuff life is

made of. Waste neither time nor money, but make the best use of both." The words of Benjamin Franklin seemed apt given the district attorney's and trial and appellate court's legitimate concern regarding the waste of time and resources on frivolous appeals. We still feel this unnecessarily disputed matter as to costs and counsel fees could have been resolved in the interest of time along the lines previously discussed. However, that most precious of assets—time—had to be utilized in a two-hour hearing and the writing of an opinion due to what we perceived as a clash of personalities and offices, both of whom are public servants paid by the county taxpayers.

However, our task is not to cite Franklin or ruminate on the irony of this proceeding, but to determine and impose reasonable costs and fees in this matter. Initially, we would note that no costs or fees will be imposed on Ms. Reichle. As pointed out by Mr. Apfelbaum, the Supreme Court in *Smith, supra,* held costs and attorney fees could be assessed against *court-appointed appellate counsel* for filing a frivolous appeal. *Smith* dealt with an appeal of a State Board of Parole recommitment order for a technical parole violation. The court determined the appeal to be frivolous because the court had "repeatedly" held that it would not review the discretionary recommitment when the recommitment period is within the presumptive range. In the present case we would note the limited right of appeal following the entry of a negotiated guilty plea is a well established principle in this Commonwealth. *Commonwealth v. Coles,* 356 Pa. Super. 562, 530 A.2d 453 (1987). However, the award of counsel fees is of more recent vintage, *Smith, supra.*

Quite frankly, we believe the precedent established in *Smith* could have some repercussions in

securing the services of public defenders or court-appointed counsel and ironically at the same time defeat one of the purposes of its holding, that of conserving limited prosecutorial and judicial resources.

The scenario goes thus. Defendant says file an appeal that arguably could be considered frivolous. Defense counsel, in an exercise of caution and financial self-preservation utters, *"Smith! Reichle!"* and declines to do so, prepares a motion to withdraw from the case, or files an *Anders* brief. To some observers, the case is over and the integrity of our system has been maintained. However, like a phoenix rising from the ashes comes that ubiquitous and omnipresent request for collateral relief the Post Conviction Relief Act. As set forth in 42 Pa.C.S. §9541 et seq., the PCRA is a vehicle for obtaining collateral relief and encompasses all common-law and statutory remedies for that purpose.

One of the most common claims is ineffective assistance of counsel. In our scenario defendant, usually without counsel, claims his lawyer refused to file an appeal. "I'm prejudiced and my rights have been denied!" As per the act, we appoint counsel. He or she, after reviewing the record to the tune of $40 an hour, finds nothing of arguable merit and cognizant of *Smith, supra,* in fact, contends the PCRA is frivolous. After an initial hearing, the trial court agrees and dismisses the defendant's PCRA.

Now, according to Daniel Webster that great interest of man on earth—justice—has been done. Not quite yet! The defendant has the right to appeal the court's denial of his PCRA to the Superior Court. Ah, but you say that's frivolous. What is our defender or court-appointed counsel to do? He or she, in apprehension of *Smith* and *Reichle,* says, "Enough—let me out!" However, before counsel

may be permitted to withdraw, they must make a thorough examination of the record to determine the appeal is wholly frivolous and at the same time accompany their request with an appellate brief referring anything in the record that might arguably support the appeal. They must also furnish a copy of that brief to the indigent client in time to allow them to present the appeal without counsel, or request the appointment of new counsel. See *Commonwealth v. Harris,* 370 Pa. Super. 575, 537 A.2d 24 (1988).

Let us assume for the sake of our scenario, the appellate court dismisses the appeal, and no petition for allocatur (highly unlikely) is filed or accepted by the Superior Court. Are we done? See *Ei Bon Ee Baya Ghananee v. Black,* 350 Pa. Super. 134, 504 A.2d 281 (1986), where a defendant civilly sued his court-appointed counsel for negligent representation at a post-conviction relief action. The court held neither a court-appointed counsel nor public defender has immunity from suit; thus, our action has now moved over to the civil side of the court. Again, realistically, under our scenario the civil suit would probably be dismissed by the court or no judgment rendered by a jury. The point of course is the trial and appellate court and our prosecution and defense attorneys could find themselves spending more time chasing that elusive finality, that the *Smith* opinion so aspires to.

We would also judicially notice an increasing reluctance on the part of the bar to accept court appointments in criminal cases. As has been stated to this court on more than one occasion, it is not the remuneration, or lack thereof, but also the increasingly inevitable PCRA allegation of ineffectiveness that causes reluctance with regard to such appointments. Although the overwhelming majority of the PCRA petitions are dismissed, we perceive the

allegations themselves and the media publication does not lend itself to a long list of counsel aspiring to such appointments.

Having digressed, we now return to the issue before the court; the award of costs and fees to the Commonwealth by the Office of the Public Defender or the individual defender. Initially, we would note we do not agree with the position of the public defenders that any costs imposed should be borne by the county and not the individual defender. Since the defender is employed by the county, we would, in effect, be assessing the taxpayers for the costs of a frivolous appeal. Obviously, there would be little incentive for a taxpayer-supported defender or court-appointed counsel to comply with the financially enforced mandate not to file frivolous appeals.

As to costs and counsel fees, we decline to award any fees in this case. Initially we would note our concern about the non-existent time records. However, in this case Mr. Stuck testified he told Mr. Suders of his intent to seek counsel fees prior to the preparation of his brief. His failure to subsequently keep appropriate time records is unclear, and his calculations two days before the hearing and approximately eight months after he expended his efforts is, therefore, questionable. To further complicate our determination was Mr. Stuck's rather flip and impertinent testimony on cross-examination regarding his computation of costs and fees that he "is not a mathematician, that's why [he] became a lawyer," and his sarcastic comment that he "could have blown the figures up and the time expended was really an underestimate." Should the issues of costs arise in the future, we expect the Commonwealth to keep appropriate time records. We would also add that no costs or counsel fees are being imposed in this case because we trust the integrity of

our defense bar, in the future, to carefully review and apply the relevant case law in this difficult area.

We therefore enter the following

## ORDER

And now, May 17, 1991, after hearing held and testimony taken and for the reasons set forth in our opinion, the Commonwealth's request for costs and counsel fees in this case is hereby denied.